**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No.  1:13-cv-08418 |
| | ) | |
| v. | ) | Hon. Joan B. Gottschall |
| | ) | Magistrate Geraldine Soat Brown |
| | ) | |
| AUDI OF AMERICA, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**VELOCITY PATENT LLC'S MOTION TO COMPEL LOCAL PATENT RULE 2.1(b)(1)
DISCLOSURES AND RESPONSES TO DISCOVERY**

## I.   INTRODUCTION

Plaintiff Velocity Patent LLC ("Velocity") moves here for a Court order requiring Defendant Audi of America, Inc. ("Audi") to provide sufficient disclosures pursuant to Local Patent Rule ("LPR") 2.1(b)(1) and responses to Velocity's interrogatories and requests for production.  During a meet and confer with Audi pursuant to Local Rule 37.2, Audi informed Velocity that it is not providing this discovery because it moved to dismiss Velocity's First Amended Complaint.  Not only is Audi's position inconsistent with established Federal law that a motion to dismiss does not stay fact discovery, it is also inequitable in light of Audi's conduct – notably that Audi has agreed to a case schedule filed with this Court and has served its own discovery.

## II.  BACKGROUND

On November 21, 2013, Velocity filed five complaints asserting direct infringement of U.S. Patent No. 5,954,781 ("the '781 patent") against various automobile manufacturers, including Audi.[1]  These five cases were initially assigned to five different judges in this District. In the interests of efficiency and judicial economy, on December 30, 2013 Velocity filed a motion to reassign all cases to Judge Darrah, who was assigned the first-filed case.[2]  The four other defendants agreed to reassignment.  Only Audi remains opposed.  Briefing is complete and the motion to reassign as it relates to Audi is pending before Judge Darrah.

Furthermore, in the other four cases, which involve Complaints with levels of detail regarding infringement similar to that alleged in Velocity's initial Complaint against Audi, the four defendants answered on January 27, 2014.[3]  Only Audi filed a motion to dismiss.  While Velocity's initial Complaint against Audi far exceeded the necessary requirements for a complaint alleging direct infringement, in the interest of moving forward without motion practice, Velocity filed a First Amended Complaint on January 30, 2014, adding further detail regarding the asserted claims.  There, Velocity specifically identified the following models as "Infringing Models" − A3, A4, S4, A5, A5 Cabriolet, S5, S5 Cabriolet, RS5, A6, S6, A7, S7, RS7, A8, S8, A8L, allroad, Q5, Q5 hybrid, SQ5, Q7, TT, TTS, TT Roadster and TTS Roadster.

---

[1] *Velocity Patent LLC v. Mercedes-Benz USA, LLC*, Case No. 1:13-08413; *Velocity Patent LLC v. BMW of North America, LLC*, Case No. 1:13-08416; *Velocity Patent LLC v. Audi of America, Inc.*, Case No. 1:13-08418; *Velocity Patent LLC v. Chrysler Group, LLC*, Case No. 1:13-08419; and *Velocity Patent LLC v. Jaguar Land Rover North America, LLC,* Case No. 1:13-08421.

[2] *Velocity Patent LLC v. Mercedes-Benz USA, LLC*, Case No. 1:13-08413. (D.E. 27.)

[3] *Velocity Patent LLC v. Mercedes-Benz USA, LLC*, Case No. 1:13-08413 (D.E. 34 and 35); *Velocity Patent LLC v. BMW of North America, LLC*, Case No. 1:13-08416 (D.E. 21 and 22); *Velocity Patent LLC v. Chrysler Group, LLC*, Case No. 1;13-08419 (D.E. 24) and *Velocity Patent LLC v. Jaguar Land Rover North America, LLC*, Case No. 1:13-08421. (D.E. 23.)

(D.E. 28.) Velocity also specifically identified as infringing features (1) the "Driver Assistance Package" that includes "adaptive cruise control," "pre sense" and "lane change assistant"; (2) driver information displays that provide fuel efficiency information referred to by Audi as its "efficiency program"; (3) Audi's engines with Audi's "cylinder on demand technology"; and (4) Audi's automatic transmissions and "manual shift programs" including their associated driver displays the gearshift indicator, display of the current gear and notifications to drive in a "less sporty fashion." *Id*.

Audi filed a second motion to dismiss on February 18, 2014. (D.E. 36.) For reasons set forth in Velocity's opposition brief, Audi's motion to dismiss should be denied. (D.E. 45.)

In parallel with its motion to dismiss, Audi negotiated and agreed to a schedule in this case, served initial disclosures, and purportedly produced documents required by LPR 2.1(b)(1).[4] Audi's document product is clearly deficient. Audi produced only a few owner's manuals (and none from 2013-2014), several high-level marketing brochures, and a single "Self-Study Program."[5] Velocity identified these and other deficiencies in Audi's LPR 2.1(b) production on March 24, 2014. [6] (*See* Ex**.** A, 3/24/14 Email from A. Brausa to S. Smith.) Pursuant to the agreed-upon schedule, Velocity served its LPR 2.2 Infringement Contentions on April 8, 2014, and Audi will serve its LPR 2.3 Non-Infringement and Invalidity Contentions on May 13, 2014. (D.E. 34.)

---

[4] Audi has also moved to modify the default Protective Order for patent cases, a motion opposed by Velocity. (D.E. 40 & 44.)

[5] Pursuant to LPR 2.1(b)(2), Audi also produced what it appears to contend is relevant prior art.

[6] Velocity provided LPR 2.2 Infringement Contentions to the four other defendants in this District on March 12, 2014.

Velocity served interrogatories and requests for production on March 4, 2014. On April 2, 2014, Audi served its own interrogatories and requests for production on Velocity. (Ex. D, Audi's First Set of Interrogatories to Velocity; Ex. E, Audi's First Set of Requests for Production to Velocity.) Two days later, Audi generally objected that it would not respond to Velocity's discovery requests because it had filed a motion to dismiss. (Ex. B, Audi's Responses and Objections to Velocity's First Set of Interrogatories; Ex. C, Audi's Responses and Objections to Velocity's First Set of Requests for Production.)

The parties met and conferred pursuant to Local Rule 37.2 on April 8, 2014. Velocity stated its view that discovery should proceed according to the agreed-upon and filed case schedule, including supplementation of Audi's LPR 2.1(b) disclosures. Audi indicated that it was in the process of collecting additional owner's manuals, but with respect to other responsive documents, Audi's view was that it would be unduly burdensome for it to provide the requested discovery during the pendency of its motion to dismiss. The parties were not able to resolve their dispute.

## III. LEGAL STANDARD

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The Federal Rules of Civil Procedure allow liberal discovery to assist in preparation for trial and settlement of disputes." *Hubbell Indus. Controls, Inc. v. Electro Power Systems of Utah, Inc.*, 2013 U.S. Dist. LEXIS 149368, at *8-9 (N.D. Ill. Oct. 17, 2013) (citing *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009)). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not stay discovery. *See, e.g., SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) (affirming

district court decision that … discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay"); *Syngenta Seeds, Inc. v. BTA Branded, Inc*., 2007 U.S. Dist. LEXIS 81767, at *2 (N.D. Ill. Nov. 1, 2007) ("Courts may limit discovery in myriad situations, such as when defendant files a motion to dismiss pursuant to Rule 12(b)(6).  However, the mere filing of such a motion does not automatically stay discovery, nor does it mean that a court will automatically grant a stay simply because the defendant asks for one.").  Rather, a party that has filed a motion to dismiss must persuade a court there exists good cause for a stay before a party can refuse to provide discovery. *Id.*

LPR 2.1(b)(1) requires an accused infringer to produce "documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, products, device, component process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement."   This means that an accused infringer must produce documents "in its possession or control … that would allow [the patentee] to assess infringement." *See Pactiv Corp. v. Multisorb Techs., Inc.,* 2012 U.S. Dist. LEXIS 69323, at *17 (N.D. Ill. May 18, 2012).

## IV.  ARGUMENT

*First*, Audi primary basis for refusing to provide substantive responses to Velocity's discovery requests is that it filed a Rule 12(b)(6) motion to dismiss.  Audi's position is both contrary to law and inequitable.  As discussed above, Audi is wrong that filing a motion to dismiss entitles a party to ignore discovery requests. *See, e.g., Syngenta Seeds,* 2007 U.S. Dist. LEXIS 81767, at *2.   In short, Audi has no legal basis for failing to provide substantive responses to Velocity's discovery requests.

Moreover, Audi's position is inequitable, as illustrated by the following facts:

- While in possession of Velocity's allegedly deficient First Amended Complaint, Audi negotiated with Velocity a case schedule including fact discovery that has been entered by this Court. (D.E. 34.);

- Audi received Velocity's LPR 2.1 disclosures and documents produced in response to requests for production served in the co-pending Velocity action against Jaguar Land Rover North America. (Exs. F and G.); and

- Audi served interrogatories and requests for production on April 1, 2014. (Exs. D and E.)

Under the circumstances, this Court should not allow Audi to now ignore the agreed-upon case schedule and unilaterally decide when and how it will participate in this litigation.

Indeed, even if Audi had moved to stay discovery contemporaneously with its motion to dismiss rather than negotiating and the agreeing to the case schedule, Velocity would have vigorously opposed the propriety of a stay. As noted above, Velocity has argued that Audi's motion to dismiss should be denied. Recent District Courts confronted with motions to stay filed prior to the entry of a case schedule have acknowledged the "explosion" of motions to dismiss following the Supreme Court's *Twombley* and *Iqbal* decisions. *See Great West Casualty Co. v. Firstfleet, Inc.* 2013 U.S. Dist. LEXIS 92465, at *6-7 (S.D. Ala. July 2, 2013) (quoting *Ministerio Roca Salida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013). These courts have suggested that the facts of each case should be carefully scrutinized when a motion to dismiss is filed, because that "explosion" "has made speedy determination of cases increasingly more difficult." *Minesterio Roca*, 288 F.R.D. at 504; *see also TE Connectivity Networks, Inc. v. All Systems Broadband, Inc.,* 2013 U.S. Dist. LEXIS 117719, at *6-7 (D. Minn. Aug. 20, 2013) (taking a "peek" at a motion to dismiss and determining there was no good cause for a discovery stay); *Colorado Ins. Guaranty Assoc. v. Sunstate Equipment Co., LLC,* 2013 U.S. Dist. LEXIS 42455, at *5-6 (D. Colo. March 25, 2013).[7]

---

[7] In its objection to Velocity's discovery requests, Audi cited the following cases – *Nexstar Broad, Inc. v. Granite Broad Corp.*, 2011 U.S. Dist. LEXIS 105056 (N.D. Ind. Sept. 15, 2011);

*Second*, Audi should be compelled to supplement its deficient LPR 2.1(b)(1) production. Despite Velocity having identified specific Audi models accused of infringement and specific features using Audi terminology, Audi only produced and few owner's manuals, several high-level marketing brochures, and a single "Self-Study Program." As in *Pactiv Corp.*, the existence of such documents shows that Audi has owner's manuals for vehicles its sells and presumably many other technical documents including the "Self-Study Programs."[8] *See Pactiv Corp.*, 2012 U.S. Dist. LEXIS 69323, at \*17. For example, Audi likely has service manuals for each accused vehicle for use by service technicians at independent Audi car dealerships that could have been collected and produced. At this stage of the litigation, Velocity cannot know exactly what documents in Audi's possession, custody, or control describe the accused vehicles and features. But common sense indicates that a car manufacturer and distributor like Audi must have documentation describing at least the design and operation of specific features identified by Velocity in its First Amended Complaint, so that it can function as a business. Velocity therefore respectfully requests that the Court enter an order requiring Audi to supplement its discovery responses and its LPR 2.1(b) disclosures.[9] *Id*.

---

*Coss v. Playtex Prods, LLC*, 2009 U.S. Dist. LEXIS 42933 (N.D. Ill. May 21, 2009); *Dsm Desotech Inc. v. 3d Sys. Corp.*, 2008 U.S. Dist. LEXIS 87473 (N.D. Ill. Oct. 28, 2008); *In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. 331 (N.D. Ill. 2005). (Ex. C at 3.) They are all decisions on motions to stay discovery pending a motion to dismiss. Audi did not move for a stay. It instead chose to agree to a case schedule.

[8] The numbering system of the "Self-Study Programs" appears to indicate that Audi has authored hundreds of this type of document.

[9] Velocity has purchased some (but not all) of the missing user manuals. Likewise, Velocity has located some "Self-Study Programs" on the internet. Such documents will be apparent from Velocity's LPR 2.2 Infringement Contentions. The fact that Velocity purchased materials that Audi could have produced is not an excuse. Rather it underscores the prejudice Velocity has suffered.

## V.  CONCLUSION

For the foregoing reasons, Velocity respectfully requests that the Court grant Velocity's Motion to Compel.

Dated:  April 8, 2014                                    Respectfully submitted,

/s/  James A. Shimota
James A. Shimota

James A. Shimota (IL Bar No. 6270603)
Howard E. Levin (IL Bar No.  6286712)
Adam R. Brausa (IL Bar No. 6292447)
Aaron C. Taggart (IL Bar No. 6302068)
MAVRAKAKIS LAW GROUP LLP
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone:  312-216-1626
Facsimile:   312-216-1621
jshimota@mavllp.com
hlevin@mavllp.com
abrausa@mavllp.com
ataggart@mavllp.com

*Counsel for Plaintiff Velocity Patent, LLC*