IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>AUDI OF AMERICA, INC.<br><br>   *Defendant.* | Case No: 1:13-cv-8418<br><br>Honorable John W. Darrah<br><br>Magistrate Judge Michael T. Mason<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S BRIEF IN OPPOSITION TO
VELOCITY PATENT LLC'S MOTION TO COMPEL**

On the first day that discovery opened in this case (*see* D.E. 34, Ex. 1 at 1; *see also* N.D. Ill. LPR 1.3), defendant ("Audi") served the disclosures required by N.D. Ill. LPR 2.1(b) and produced more than 8,000 pages of documents, including documents that describe the features of the accused automobiles that plaintiff ("Velocity") has identified in its Amended Complaint. The same day, Velocity served forty-seven requests for the production of documents and four interrogatories that ask for essentially every Audi file relating to the design, development, testing, operation, marketing and sales of more than a dozen vehicle features and more than two dozen different Audi vehicles sold in the United States over the past six years. *See* Exs. 1 & 2 (Velocity's first sets of document requests and interrogatories).

These requests are unreasonably overly broad, cumulative, duplicative, burdensome and expensive to respond to, and Velocity has received the information it needs, and is entitled to, at this stage of the litigation, by discovery already provided by Audi pursuant to the Local Patent Rules of this Court. Beyond that, Audi has moved to dismiss Velocity's Amended Complaint

because it fails to plead a plausible claim of infringement, and identify with any specificity the features that allegedly would infringe. That motion is currently pending before Judge Darrah and will be decided August 18th.

The burden and expense of the additional discovery Velocity is asking for far outweighs its likely benefit, or Velocity's needs, or even what it is entitled to, in this case at this time, and its motion should accordingly be denied. *See* Fed. R. Civ. P. 26(b)(2)(C).

## LEGAL STANDARD

In this Circuit, "[d]espite the liberal breath of discovery allowed under the federal rules, 'the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant.'" *West v. Miller*, No. 05C4977, 2006 WL 2349988, at \*2 (N.D. Ill. Aug. 11, 2006) (quoting *U.S. v. Lake County Bd. of Com'rs*, No. 2:04 CV 415, 2006 WL 978882, at \*1 (N.D. Ind. Apr.7, 2006)); *see Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). When the motion fails to specify how the requested discovery is relevant, or the requested discovery "is unreasonably cumulative or duplicative," "obtainable from some other source that is more convenient, less burdensome, or less expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit," a motion to compel should be denied. *See* Fed. R. Civ. P. 26(b)(1)–(2), (c); *West*, 2006 WL 2349988, at \*3–4; *Lake County Bd. of Com'rs*, 2006 WL 978882, at \*1–2.

Moreover, under this Court's Patent Rules, an accused patent infringer is required to produce, with its initial disclosures, only those documents describing the structure and operation of accused products that are "identified with specificity" in the plaintiff's Complaint. N.D. Ill. LPR 2.1(b)(1).

In addition, "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802–03 (7th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). If the litigation is one susceptible to burdensome and costly discovery, as is this litigation, the Court "should limit discovery once a motion to dismiss for failure to state a claim has been filed." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933, at *8–9, *13 (N.D. Ill. May 21, 2009).

## ARGUMENT

### A.      Velocity's Fifty-One Discovery Requests Are Overly Broad And Unduly Burdensome

On March 4, 2014, the day that discovery opened in this case (*see* D.E. 34, Ex. 1 at 1; *see also* N.D. Ill. LPR 1.3), Audi served the disclosures required by N.D. Ill. LPR 2.1(b), including more than 8,000 pages of documents, describing Audi model vehicles that Velocity identified in its First Amended Complaint, and prior art to the patent-in-suit. Without waiting for or reviewing Audi's document production, Velocity served, on the same day, forty-seven requests for production and four interrogatories to Audi. *See* Exs. 1 & 2 (Velocity's first sets of document requests and interrogatories).

Velocity's discovery requests seek the production of essentially every file, internal or external communication, e-mail message, source code and other electronically stored information relating in any way to the design, development, testing, operation, marketing, or sale of the accused features of Audi vehicles, Audi's corporate structure, and every Audi employee, without

3

regard to whether those documents would pertain to the claims in this case, or the burden and

expense of production those requests impose on Audi.[1]  For example,

- Velocity's requests (including Request Nos. 3, 13–23, 25–36, 39–40, 42, 46–47 and Interrogatory Nos. 1–2, 4, & Definitions ¶¶ E–F) seek information concerning Audi systems, such as "speed warning systems," "braking guard" systems, and "sensors used to measure . . . windshield wiper activity and/or proximity of the vehicle to another object," which are not accused of infringement in Velocity's Complaint;[2]

- Velocity's requests (including Request Nos. 3, 30, 33–39 and Interrogatory No. 1) seek sales and other financial information going back six years before Velocity filed suit, and are not limited to the period after Velocity provided Audi with notice of the alleged infringement;[3]

- Velocity's requests (including Request Nos. 3, 10–11, 15–24, 28, 32, 42, 44, 46, 47 and Interrogatory Nos. 1, 4) seek information belonging to third parties, including third-party suppliers, which is not in Audi's possession, custody, or control;[4]

- Velocity's requests (including Request Nos. 1–7, 9–10, 12, 24, 27, 31–32, 40–41, 43) are premature (and cover information that is privileged and immune from discovery) because they seek information concerning the formulation of Audi's contentions and defenses, as well as information that is more properly the subject of expert reports, which are not yet due under the parties' proposed case schedule;[5] and

---

[1]   *Compare, e.g.,* Ex. 1, Document Request No. 17 & Definitions ¶¶ F, I (requesting all documents, electronic files, and internal or external emails "relating to each of the Accused Audi Features"), *with* D.E. 49, Ex. C, Objection Nos. 1–4.

The Federal Rules Advisory Committee recently approved amendments to Rule 26 intended to reduce the time and expense of Federal Litigation, which provide that the scope of permitted discovery should be limited to information that is specifically relevant to the disputed issues, and proportional to the needs of the case.

[2]   *Compare* D.E. 49, Ex. C, Objection No. 6, *with* D.E. 28 ¶¶ 11–17.

[3]   *Compare* D.E. 49, Ex. C, Objection No. 7, *and* D.E. 28 ¶ 18 ("Velocity gave Audi notice of infringement pursuant to 35 U.S.C. § 287(a) by filing its initial complaint for patent infringement on November 21, 2013."), *with California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, No. 10–02042 CW, 2010 WL 3063132, at *2 (N.D. Cal. Aug. 3, 2010) ("[D]amages are recoverable for infringement only for the period after the infringer has received notice of the patent and continues to infringe."); *e-Watch Inc. v. Avigilon Corp.*, No. H-13-0347, 2013 U.S. Dist. LEXIS 131605, at *6–7 (S.D. Tex. Sept. 16, 2013) (granting motion to dismiss patentee's claim for pre-suit damages).

[4]   *See* D.E. 49, Ex. C, Objection Nos. 5, 9–11, 14.

[5]   *Compare* D.E. 49, Ex. C, Objection Nos. 4, 8, 13, *with* D.E. 34, Ex. 1 at 2.

- Velocity's requests for Audi's "Documents" and "Communications" (including Request Nos. 1–47) encompass all emails and electronic communications to or from any Audi employee, even though this Court's Local Patent Rules provide that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence."[6]

After being served, Audi objected to Velocity's requests, *see generally* D.E. 49, Ex. C, Objections ¶¶ 1–14; *id.*, Ex. B, Objections ¶ 1 (Audi's objections), and the parties discussed their dispute pursuant to N.D. Ill. LR 37.2. As a compromise, Audi proposed that Velocity postpone its discovery until the Court rules on its Rule 12 motion to dismiss, or serve amended discovery requests after a ruling on that motion. Velocity rejected this compromise, and, only a few hours after the parties' conference, filed its motion to compel. *See* D.E. 48–49.

In its motion to compel, Velocity argues that Audi's objections are "inequitable" but fails to explain why the broad scope of the discovery it is requesting is proper or even relevant to the allegations of its Complaint. *Compare* D.E. 49, *with Rennie*, 3 F.3d at 1110, *and West*, 2006 WL 2349988, at *2 ("Despite the liberal breath of discovery allowed under the federal rules, 'the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant.'" (quoting *Lake County Bd. of Com'rs*, 2006 WL 978882, at *1)); *see also* Fed. R. Civ. P. 26(b)(2)(C); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D. Ill. 2005); *Alloc, Inc. v. Unilin Beheer B.V.*, No. 03-C-1266, 03-C-342, 04-C-121, 2006 WL 757871, at *3, *5 (E.D. Wis. Mar. 24, 2006) (requests for information concerning all customer feedback and all communications regarding the accused infringing products were unduly broad and burdensome); *West*, 2006 WL 2349988, at *2–4

---

[6]   *Compare* Ex. 1, Definitions ¶¶ A, I, K, *and* D.E. 49, Ex. C, Objection Nos. 4–5, *with* N.D. Ill. LPR ESI 1.3, 2.3(d), and 2.6) (email production requests must be served after document discovery, and be limited to five email custodians, five search terms per custodian, and a specified time period).

(denying motion to compel based on the moving party's "failure to make even a colorable initial showing as to relevance"); *Lake County Bd. of Com'rs*, 2006 WL 978882, at *1–2 (an argument supporting a motion to compel "raised for the first time in reply, is waived").

**B.      Audi Has Complied With Its Obligations Under LPR 2.1(b)**

Velocity argues that Audi should be compelled to supplement its existing document production under N.D. Ill. LPR 2.1(b)(1) because "Audi produced only a few owner's manuals (and none from 2013–2014), several high-level marketing brochures, and a single 'Self-Study Program'" concerning vehicles identified in the Amended Complaint. D.E. 49 at 3, 7.

Under LPR 2.1(b)(1), an accused patent infringer is required to produce, with its initial disclosures, documents that describe the operation and construction of the products accused of infringement that are "identified with specificity" in a complaint. Velocity's Amended Complaint identifies twenty-five Audi model vehicles, from unspecified model years, that "[o]n information and belief" include features that infringe the patent-in-suit. *See* D.E. 28 ¶¶ 11–15. Audi has produced brochures for these vehicles describing the operation of their features and has complied with the requirements of LPR 2.1(b).[7] Velocity even admits that it did not identify (because it does not know) which vehicle components include the combinations of systems, sensors, processors, memories, and notification circuits that infringe.[8]

**C.      Velocity's Discovery Requests Are Improper While Audi's Rule 12 Motion to Dismiss Remains Pending**

Velocity's motion ignores the fact that its discovery requests go far beyond the scope of the infringement claims in this case, and that even its Amended Complaint does not state any

---

[7]   Audi has agreed to supplement its prior production to include additional manuals from the 2013–14 model years.

[8]   *See infra* notes 9–10.

facts that would support a plausible inference of infringement.[9]  *Compare* D.E. 49, Ex. C,

Objection No. 3, *and id.*, Ex. B (incorporating same), *with* D.E. 49 at 4–6.[10]  Velocity's

discovery requests are improper while Audi's Rule 12 motion to dismiss remains pending.[11]

---

[9] On November 21, 2013, Velocity filed its original Complaint alleging that Audi infringes the patent-in-suit by selling automobiles equipped with "information displays," "radar equipment," "engines with cylinder on demand technology" and/or "manual gear shifting features."  D.E. 1 (Complaint) ¶¶ 12–16.  The patent claims that Velocity asserts are infringed, however, do not describe information displays, radar equipment, cylinder on demand technology, or manual gear shifting features.  Instead, they each describe a system that uses a processor to read specific data from specific vehicle systems and sensors, compare the data to specific information saved in a memory, and, based on that comparison, activate one or more notification circuits: a "vehicle proximity alarm circuit," a "fuel overinjection notification circuit," an "upshift notification circuit," and a "downshift notification circuit."  *See* D.E. 28, Ex. A, col. 13, l. 54–col. 14, l. 12, col. 15, ll. 1–26, col. 16, ll. 15–45, col. 17, l. 34–col. 18, l. 3, col. 18, l. 40–col. 19, l. 10, col. 19, l. 49–col. 20, l. 21, col. 20, ll. 38–55, col. 21, l. 17–col. 22, l. 6. Audi moved to dismiss the original Complaint.  D.E. 23–25.  Rather than respond to Audi's motion, Velocity filed a First Amended Complaint, which merely re-stated its original allegations and identified twenty-four Audi model vehicles—nearly Audi's entire product line—as "Infringing Models" because "[u]pon information and belief, these models include one or more of the features described above."  *See* D.E. 28 (Amended Complaint) ¶¶ 1–17.  Audi renewed its motion to dismiss (D.E. 36–38, 47), and, in its response to this motion, Velocity admitted that it did not amend its pleadings to include facts supporting an inference that accused features include the systems, sensors, processors, memories, and notification circuits claimed by the patent-in-suit because it first needed discovery to determine which, if any, Audi vehicles and systems would infringe. *See* D.E. 45 at 6–8 ("[T]he underlying circuitry in Audi's vehicles, which Audi asserts Velocity has not identified, is an implementation detail that will be obtained during the course of fact discovery.").

[10] Velocity also recently served infringement contentions, which confirm that it does not have a basis for asserting infringement by the Audi vehicles and systems referred to in its discovery requests, because they do not identify where each claim element is found within those vehicles and systems as required by the Local Patent Rules, or identify features which do not plausibly infringe.  For example, Velocity's contentions identify a Side Assist feature as allegedly including the claimed "radar detector determining a distance separating a vehicle having an engine and an object in front of said vehicle," Ex. 3 (Velocity's contentions) at 56, 60 (claim element 17B3), even though this feature uses sensors positioned in the rear bumper to monitor traffic behind, not "in front of," the automobile.  *Id.* at 60; Ex. 4 (excerpts from Exhibit Audi-1 to Velocity's contentions) at 98–99 & Figs. 102, 104–05.  As another example, the contentions identify a Speed Warning System as allegedly including the claimed "fuel overinjection notification circuit issuing a notification that excessive fuel is being supplied to said engine of said vehicle," even though that system displays notifications based solely on vehicle speed, not on whether excessive fuel is being supplied to the engine.  Ex. 3 at 19 (claim element 1E). (continued…)

First, Velocity's requested discovery (like discovery in RICO and antitrust cases) is broad, burdensome, and expensive. *Compare* Part A *Supra, Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327–28 (Fed. Cir. 2011), *and Macronix Intern. Co., Ltd. v. Spansion Inc.*, No. 3:13cv679, 2014 WL 934505, at *6 (E.D. Va. Mar. 10, 2014) ("patent cases generally are among the most expensive kinds of cases in federal court"), *with Limestone Dev. Corp.*, 520 F.3d at 803 ("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a thread-bare claim.").

Audi would be significantly prejudiced if it is required to undertake the burden and expense of responding to Velocity's overly broad requests, only to have some or even all of the claims asserted in Velocity's Complaint be dismissed for failing to state plausible claims of infringement. *See Coss*, 2009 U.S. Dist. LEXIS 42933, at *13 (granting motion to stay discovery on plaintiff's discovery requests covering "an immense volume of documentation without specifying a relevant time period" because they were "typical of the discovery that the court will not allow in a complex case pending decision on the motion to dismiss"); *Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 335–36 & nn. 4, 6; *Nexstar Broad.*, 2011 U.S. Dist. LEXIS 105056, at *4–9 ("If the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to

---

Velocity's discovery requests seek effectively all of Audi's documents concerning these features, even though Velocity's contentions show that it has no basis for asserting that they infringe. *See, e.g.,* Exs. 1 & 2, Definitions ¶¶ E.ii, E.viii, F.ii, F.vii, I & Document Request No. 17.

[11]    *Limestone Dev. Corp.*, 520 F.3d at 802–03; *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009); *Coss*, 2009 U.S. Dist. LEXIS 42933, at *8–9, *13; *Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 335–37 & nn. 4, 6; *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 U.S. Dist. LEXIS 105056, at *4–9 (N.D. Ind. Sept. 15, 2011); *Dsm Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 U.S. Dist. LEXIS 87473, at *3–10 (N.D. Ill. Oct. 28, 2008) (same).

dismiss for failure to state a claim has been filed."); *Dsm Desotech*, 2008 U.S. Dist. LEXIS 87473, at \*3–10 (same). In contrast, Audi has already produced numerous documents that describe the features of the Audi vehicles accused of infringement in Velocity's Complaint. *See* Part B *supra*. In addition, this production is being supplemented to include additional vehicle manuals for the 2013 and 2014 model years.

Velocity should not be permitted to pursue overreaching discovery of Audi's product line until it states sufficient facts in its pleadings demonstrating that the elements of the claims of the patent-in-suit are at least plausibly present in Audi vehicles. *See, e.g., Eon-Net LP.*, 653 F.3d at 1328–29 (noting that in order to satisfy Rule 11 a patentee must construe the claim terms and apply them to the accused device before filing suit); *In re Darvocet, Darvon and Propoxyphene Products Liability Litigation*, No. 2:11–md–2226–DCR, 2012 WL 718618, at \*2 n.3 (E.D. Ky. Mar. 5, 2012) ("Under *Iqbal*, plaintiffs are not permitted to conduct discovery in order to fix factually deficient complaints . . . ."); *In re Papst Licensing GMBH & Co. KG Litigation*, 585 F. Supp. 2d 32, 35 (D.D.C. 2008) ("The allegation that '[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support' that [defendant] has infringed and is infringing the Patents in Suit does not state a claim for infringement."); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at \*2 (N.D. Cal. Sept. 14, 2009) (dismissing counterclaims consisting of "nothing more than a bare assertion, made 'on information and belief'" of infringement).

## CONCLUSION

Velocity's requested discovery exceeds the scope of discovery permitted under the Federal and Local Rules of this Court, and also is improper while Audi's motion to dismiss its Amended Complaint is pending. The Court should deny Velocity's motion to compel.

9

Dated:   May 9, 2014                          Respectfully submitted:


 /s/ Jeffrey M. Drake

Jeffrey M. Drake, Esq.
Ryan C. Williams, Esq.
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Tel: (312) 460-4200
Fax: (312) 460-4201
Email: drakej@millercanfield.com
Email: williamsr@millercanfield.com

Michael J. Lennon, Esq. (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel: (212) 425-7200
Fax: (212) 425-5288
Email: mlennon@kenyon.com

Susan A. Smith, Esq. (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel: (202) 220-4200
Fax: (202) 220-4201
Email: ssmith@kenyon.com

*Attorneys for Defendant Volkswagen Group of
America, Inc. d/b/a Audi of America, Inc.*

10