IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT LLC,<br><br>        *Plaintiff,*<br><br>v.<br><br>AUDI OF AMERICA, INC.<br><br>        *Defendant.* | Case No: 1:13-cv-8418<br><br>Honorable John W. Darrah<br><br>Magistrate Judge Michael T. Mason<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO STAY THE PROCEEDINGS PENDING REEXAMINATION OF THE PATENT-IN-SUIT**

Defendant ("Audi") respectfully moves the Court to stay this case until the United States Patent and Trademark Office completes its pending *ex parte* reexamination of plaintiff's U.S. Patent No. 5,954,781 (the "'781 patent"), including any appeals taken by plaintiff ("Velocity").

1.    In its Complaint, Velocity alleges that Audi has infringed, and is continuing to infringe, the '781 patent. On May 22, 2014, about six weeks after Velocity served its preliminary infringement contentions identifying the '781 patent claims it contends are being infringed in this lawsuit (*see* D.E. 80, Ex. 1 at 2–4), Audi requested the United States Patent and Trademark Office to reexamine those claims in view of new prior art never considered by the Office when its decision to grant the '781 patent was made. The Patent Office has now considered that prior art and ordered reexamination of the '781 patent, finding that the new prior art raises "substantial new questions of patentability" of the claims being asserted by Velocity in this litigation.

2.    As set forth in the accompanying memorandum, each of the three factors that this court must consider when ruling on Audi's motion strongly favors staying this litigation until the

1

reexamination of Velocity's patent is complete. Velocity will not be prejudiced by a stay, since it is a patent holding company and is not a competitor of Audi. Nor will a stay subject Velocity to a tactical disadvantage, since this lawsuit has advanced only to its preliminary stages: this court has not even entered a scheduling order governing pre-trial events. In contrast, the Patent Office reexamination of validity has already started and, unless Velocity chooses to appeal a finding that the claims are not patentable, a final decision can be expected within the next eleven months. Finally, the reexamination is very likely to simplify the issues in this lawsuit and avoid wasting the time and resources of the parties and the Court since more than eighty-five percent of patent claims under review during *ex parte* reexamination proceedings are either revised or canceled.

       3.      Audi respectfully submits that this litigation should be stayed until the Patent Office completes its reexamination of the Velocity patent claims, including any appeals taken by Velocity.

Dated:   July 8, 2014                    Respectfully submitted:

      /s/ Ryan C. Williams

Jeffrey M. Drake, Esq.
Ryan C. Williams, Esq.
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Tel: (312) 460-4200
Fax: (312) 460-4201
Email: drakej@millercanfield.com
Email: williamsr@millercanfield.com

Michael J. Lennon, Esq. (admitted *pro hac vice*)
Georg C. Reitboeck (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel: (212) 425-7200
Fax: (212) 425-5288
Email: mlennon@kenyon.com
Email: greitboeck@kenyon.com

Susan A. Smith, Esq. (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel: (202) 220-4200
Fax: (202) 220-4201
Email: ssmith@kenyon.com

*Attorneys for Defendant Volkswagen Group of America, Inc.*