IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **VELOCITY PATENT LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 13 CV 8418 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| **AUDI OF AMERICA, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is plaintiff's ("Plaintiff" or "Velocity") motion to compel Local Patent Rule ("LPR") 2.1(b)(1) disclosures and responses to discovery [49] and plaintiff's motion to compel LPR 2.4(a) disclosures [80]. For the reasons set forth below, plaintiff's motion to compel LPR 2.1(b)(1) disclosures is granted in part and denied in part and plaintiff's motion to compel LPR 2.4(a) disclosures is stayed.

## STATEMENT

Velocity filed a one count amended complaint [28] on 01/30/14 against Audi of America ("Defendant" or "Audi") alleging patent infringement. Defendant filed a motion to dismiss for failure to state a claim [36] on 02/18/14. Plaintiff filed the motion to compel LPR 2.1(b)(1) disclosures and responses to discovery [49] currently at issue on 04/08/14. Audi responded by filing a motion to transfer venue [50] on 04/09/14, and a motion to stay and limit discovery [54] on 04/10/14. On 04/24/14 this case was reassigned to Judge Darrah [59] who then, on 04/28/14, referred the motion to compel to this Court [60]. On 05/07/14, the district court entered an order [66] stating that a ruling on the motion to dismiss and motion to stay discovery would be continued to the status hearing on 08/19/14. Subsequently, on 06/06/14, Velocity filed the motion to compel LPR 2.4(a) disclosures [80], also at issue in this order. We discuss each of the motions to compel below.

**Motion to Compel Local Patent Rule 2.1(b)(1) Disclosures and Responses to Discovery**

In its motion, Velocity asks the Court to order Audi to provide sufficient disclosures pursuant to LPR 2.1(b)(1). (Pls. Mot. at 1.) Velocity states that during a Rule 37.2 conference with Audi, defendant stated that it would not be providing

discovery because it had moved to dismiss Velocity's amended complaint. (*Id.*) Audi supports this claim by arguing that it has already produced more than 8,000 pages of responsive documents. (Defs. Resp. at 1.) Defendant explains that on the same day it produced responsive documents, plaintiff served forty-seven requests for document production and four interrogatories that ask for "essentially every Audi file relating to the design, development, testing, operation, marketing and sales of more than a dozen vehicle features and more than two dozen different Audi vehicles sold in the United States over the past six years." (*Id.*) Audi argues that these requests are overly broad, cumulative, duplicative, and burdensome. (*Id.*) More specifically, Audi argues that Velocity requests: (1) information concerning Audi systems which are not accused of infringement in the complaint; (2) six-year old financial information not limited to the period after Velocity gave notice to Audi about the alleged infringement; (3) information belonging to third parties not in Audi's custody, possession, or control; (4) information that is premature and will be the subject of expert reports; and (5) information that encompasses emails and electronic communications even though the Local Patent Rules for the Northern District dictate that Electonically Stored Information ("ESI") production must be served after document discovery. (*Id.* at 4-5.) Velocity responds by arguing that Audi has waived any specific objections that Velocity's discovery requests are overly broad and unduly burdensome and that filing a motion to dismiss does not stay discovery. (Pls. Rply. at 1-2.) In its sur-reply, Audi argues that Velocity mischaracterizes its timely objections to Velocity's discovery requests. (Defs. Sur-Rply. at 2.)

      We find defendant's argument that discovery is stayed while a motion to dismiss is pending unpersuasive. *See New England Carpenters Health and Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013)(denying a motion to stay discovery while a motion to dismiss was pending before the District Court). Within the framework of the Local Patent Rules, according to one Judge in this district, "[t]he Rules do not contemplate a stay of the initial disclosures if the defendant does not answer the complaint, but instead moves to dismiss, to transfer, or for some other form of relief." Judge Matthew Kennelly & Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. MARSHALL REV. INTELL. PROP. L. 202, 208 (2010). We therefore address the forty-seven document requests and four interrogatories at issue below.

      The federal discovery rules are construed liberally to allow for trial preparation and settlement. *Sloan v. Zurn,* No. 10 C 204, 2012 WL 1237744, at *4 (N.D. Ill. Apr. 12, 2012). *See also, Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). The Court has broad discretion to grant or deny a motion to compel "in whole or in part," or "fashion a ruling appropriate for the circumstances of the case." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). According to LPR 2.1(b)(1), an accused patent infringer is required to produce, with its initial disclosures, documents that describe the operation and construction of the products accused of infringement that are "identified with specificity" in a complaint. However, a plaintiff is not necessarily entitled to all relevant discovery under Rule 26. A court can limit discovery if it determines that the discovery

request is unreasonably cumulative or duplicative or can be obtained from a less burdensome source. Fed.R.Civ.P. 26(b)(2).

Balancing the broad discovery rules with the limitations provided for in the Local Patent Rules, we order Audi to respond to the following interrogatories and production requests within the scope listed below. Pursuant to LPR ESI 2.6[1], we find Velocity's request for electronic documents and communications to be premature and outside the scope of discovery at this stage of the litigation. After Audi responds to the following production requests, should Velocity still require ESI production, it is directed to request such information from defendant in accordance with the Local Patent Rules for ESI.

<u>We order Audi to respond to the following production request except for what is subject to privilege.</u>

Production Request No. 2

<u>We order Audi to respond to the following interrogatories and production requests, limiting its answers and production to include only the accused features of Audi products specifically identified in the Amended Complaint [28] from 11/21/13[2] to present, not subject to privilege.</u>

Interrogatory No. 1 – What has not already been produced
Interrogatory No. 2
Interrogatory No. 4 – What has not already been produced
Production Request Nos. 3-4
Production Request Nos. 9-10
Production Request No. 13
Production Request Nos. 15-16
Production Request Nos. 17-18 What has not already been produced
Production Request Nos. 19-24
Production Request Nos. 25-16 - What has not already been produced
Production Request Nos. 27-47

---

[1]LPR ESI 2.6 provides, in part, that "[g]eneral ESI production requests under the Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence. To obtain emails parties must propound specific email production requests. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances....Email production requests shall identify the custodian, search terms, and time frame....Each requesting party shall limit its email production requests to a total of five custodians per producing party....Each requesting party shall limit its email production requests to a total of five search terms per party."
[2]Velocity filed its complaint on 11/21/13, effectively giving notice to Audi of the alleged infringement.

<u>We deny the following production requests as premature.</u>

Production Request Nos. 5-7

<u>We deny the following interrogatory and production requests as moot because they are not applicable, have been completed, or are repetitive of another production request.</u>

Interrogatory No. 3
Production Request No. 1
Production Request No. 8
Production Request Nos. 11-12
Production Request No. 14

By 08/01/14, Audi shall complete the aforementioned discovery requests. If Audi does not have possession, custody, or control of the information or documents the Court has ordered it to produce, it shall identify the third party who does have possession, custody, or control by 07/18/14.

**Motion to Compel Local Patent Rule 2.4(a) Disclosures**

In its motion, Velocity asks the Court to order Audi to provide sufficient disclosures pursuant to LPR 2.4(a). (Pls. Mot. at 1.) In response to Veolcity's LPR 2.2(c) chart, Audi produced vehicle manuals from 2013 through 2015. (Defs. Resp. at 2.) Velocity states Audi produced owner's manuals for certain cars that were named in the amended complaint, supposedly pursuant to LPR 2.4(a). (Pls. Mot. at 2.) Velocity further states that during a Rule 37.2 conference in late May, Audi stated that its production of the owner's manuals satisfied its obligations under LPR 2.4(a). (*Id.*) Velocity requested that Audi supplement its production to which Audi responded that it would "conduct a reasonable search for additional relevant documents." (*Id.* at 3.) Audi contends that Velocity filed the motion to compel before it completed its investigation. (Defs. Resp. at 3.) Velocity argues that in its LPR 2.2(c) chart, it identified numerous elements of the Audi cars in question, which "embody the elements of the asserted claims…." (Pls. Mot. at 3.)

Audi maintains that it has complied with LPR 2.4, and that Velocity's LPR 2.2(c) chart "merely states…that the accused Audi vehicles include the claim element, and then reproduces…screenshots from Audi vehicle manuals. (Defs. Resp. at 2.) Velocity argues that Audi should be ordered to supplement its production to include additional documents that "describe how the cylinder on demand feature and associated driver information display operate, beyond the user-level description included in the owner's manuals." (Pls. Mot. at 5.) Audi counters by arguing that Velocity has not specified which documents it wants, and that Velocity should be required to specifically identify which sensors, control units, and memories, reproduced in screenshots in the LPR 2.2(c) chart correspond to the elements of the patent claims included in its amended complaint. (Defs. Resp. at 3.) Velocity responds by arguing that the more detailed disclosures that Audi requests are actually final infringement contentions which Velocity cannot be expected to produce at this stage of the litigation process. (Pls. Rply. at 1-2.)

Velocity maintains that its preliminary infringement contentions comply with LPR 2.2. (*Id.* at 3.)

At this time, the Court refrains from entering a ruling on this motion. Defendant has represented both to plaintiff and to this Court that it offered to "conduct an additional investigation to determine whether it has other documents concerning the operation of the accused vehicle features that would be relevant to infringement, and to produce those documents if it does." (Defs. Resp. at 2.) If it has not already done so, defendant is directed to investigate and produce any additional, relevant documents by 07/25/14. If plaintiff finds defendant's 07/25/14 production insufficient, the parties are directed to meet and confer by 08/04/14 before filing any additional discovery motions. If a meet and confer is necessary, the Court suggests that plaintiff be able to address what specifically is missing from Audi's LPR 2.4(a) disclosures.

**Date: July 11, 2014**                                                                                          **/s/ Michael T. Mason**