**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 1:13-cv-08418 |
| | ) | |
| v. | ) | Hon. John W. Darrah |
| | ) | |
| AUDI OF AMERICA, INC., | ) | Magistrate Michael T. Mason |
| | ) | |
| | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**VELOCITY PATENT LLC'S OBJECTION TO ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL LPR 2.1(B)(1) DISCLOSURES AND
RESPONSES TO DISCOVERY AND PLAINTIFF'S MOTION TO COMPEL LPR
2.4(A) DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 72, Velocity Patent LLC ("Velocity") hereby provides the following objections to Magistrate Judge Mason's July 11, 2014 Order regarding Plaintiff's Motion to Compel LPR 2.1(b)(1) Disclosures and Responses to Discovery and Plaintiff's Motion to Compel LPR 2.4(a) Disclosures ("the Order"). (D.E. 91.) For the reasons provided below, Velocity objects to the language "from 11/21/13 to the present" and the subject matter scope of the Order.

**I.    PROCEDURAL HISTORY**

Velocity filed a complaint alleging infringement of U.S. Patent No. 5,954,781 by Defendant Audi of America, Inc. ("Audi") on November 21, 2013. (D.E. 1.) Audi filed a motion to dismiss Velocity's initial complaint on January 27, 2014. (D.E. 23.) Although Velocity's initial Complaint against Audi far exceeded the necessary

requirements for a complaint alleging direct infringement, in the interest of efficiency, Velocity filed a First Amended Complaint on January 30, 2014, adding further detail regarding the asserted claims. (D.E. 28.) Thereafter, Audi filed a Second Motion to Dismiss on February 18, 2014 (D.E. 36), which Velocity opposes and is currently pending before this Court.

Although Velocity has proceeded with this case as required by the Local Patent Rules and the Federal Rules, Audi has refused to comply with nearly every discovery deadline, and has in effect granted itself the relief it seeks in its Second Motion to Dismiss. Pursuant to the parties' agreed-to schedule, Audi's production of "documents sufficient to show the operation and construction" of the accused features according to LPR 2.1(b)(1) was due on March 4, 2014. (D.E. 68, Ex. 1.) Audi failed to substantially comply with the local rules, producing only a few publicly available owners' manuals, high-level marketing brochures, and a single "Self-Study Program."

In the meantime, Velocity and Audi both proceeded with discovery pursuant to the Federal Rules. Velocity served interrogatories and requests for production on March 4, 2013, and Audi served its own interrogatories and requests for production on April 2, 2014. However, despite having served its own discovery requests, Audi only provided broad, generalized objections to Velocity's discovery requests and refused to respond substantively, citing its motion to dismiss as justification. (*See* D.E. 49, Exs. B and C.)

The parties met and conferred pursuant to Local Rule 37.2 on April 8, 2014. Velocity stated its view that discovery should proceed according to the agreed-upon and filed case schedule, including supplementation of Audi's LPR 2.1(b) disclosures. Audi indicated that it was in the process of collecting additional owner's manuals, but with

respect to other responsive documents, Audi's view was that it would be unduly burdensome for it to provide the requested discovery during the pendency of its motion to dismiss. The parties were not able to resolve their dispute, and Velocity filed its Motion to Compel LPR 2.1(b)(1) Disclosures and Responses to Discovery on April 8, 2014, which was the subject of Magistrate Judge Mason's July 11, 2014 order and the present motion. (D.E. 49.)

One day after Velocity filed its first Motion to Compel, Audi responded by filing a Motion to Stay and Limit Discovery (D.E. 55) pending resolution of Audi's Second Motion to Dismiss. The following day, Audi filed a Motion to Transfer to the Eastern District of Michigan. (D.E. 51.) Velocity opposes both motions, which are pending before this Court. Although neither motion has been ruled on, Audi has effectively granted itself a stay by refusing to comply with the local rules and Velocity's discovery requests.

Audi's production pursuant to LPR 2.4(a) was due on May 13, 2014, but Audi only produced a few additional, publicly available user manuals. The parties met and conferred on May 21, 2014, during which counsel for Audi stated that Audi's production consisting solely of owner's manuals satisfied its obligations under LPR 2.4(a). Counsel for Velocity disagreed and noted that the owner's manuals were insufficient to show the operation of the numerous elements identified in Velocity's preliminary infringement contentions. Counsel for Audi later stated that it would "conduct a reasonable search for additional relevant documents," but refused to acknowledge that Audi has more technical documents describing the accused features than owner's manuals, refused to provide a date by which this search and accompanying production would be completed, and refused

to explain why a reasonable search was just now being undertaken. (*See* D.E. 80, Ex. 9.)

Accordingly, Velocity filed its Motion to Compel Local Patent Rule 2.4(a) Disclosures

on June 6, 2014, which was also the subject of Magistrate Judge Mason's July 11, 2014

Order and this motion.  (D.E. 80.)

## II.    ARGUMENT

Velocity respectfully objects to the following language in the Order:

> We order Audi to respond to the following interrogatories and production requests,
> limiting its answers and production to include only the accused features of Audi
> products specifically identified in the Amended Complaint [28] from 11/21/13 to
> present, not subject to privilege.

(D.E. 91 at 3.)   Specifically, Velocity objects to the language "from 11/21/13 to the

present" to the extent that language limits discovery to the period after Velocity filed its

complaint.  Additionally, Velocity objects to the above language to the extent the Order

limits discovery to only those features identified in Velocity's Amended Complaint.

### A.  Objection To "From 11/21/13 to the Present"

Velocity objects to the language "from 11/21/13 to present" in the Order.  To the

extent that this language is intended to limit Audi's production only to documents and

information relating to infringement that occurred after Velocity filed its complaint in this

case, such a limitation is clearly erroneous and contrary to law, as explained below.  *See*

Fed. R. Civ. Pro. 72(a).  Accordingly, Velocity requests that the language "from 11/21/13

to the present" be stricken from the Order.

Although the Order does not explain any basis for limiting discovery to any

particular time-frame, the language "from 11/21/13" appears to be based on Audi's

erroneous argument that, pursuant to 35 U.S.C. § 287, damages are limited only to

infringing activities that occurred after the original complaint was filed.  (D.E. 70 at 4.)

However, there is *no* evidence on the record that would support limiting damages in this case and discovery related thereto pursuant to the marking statute because the marking statute is simply not applicable in this case. *See* 35 U.S.C. § 287 (imposing marking requirement on those "making, offering for sale, or selling within the United States any patented article"). Aside from stating a single, general objection to Velocity's discovery requests, Audi has not provided any evidence or basis for its purported belief that pre-suit damages are precluded. Audi has not moved to limit damages in this case pursuant to 35 U.S.C. § 287 by filing a Motion for Partial Summary Judgment or the like. Nor has Audi even sought discovery related to Velocity's obligation to mark, if any, or Velocity's compliance therewith. Accordingly, the issue of limiting damages pursuant to the marking statute has not been properly raised with this Court, nor could Audi reasonably do so.

Indeed, as noted in Velocity's Reply In Support of Its Motion to Compel LPR 2.1(b)(1) Disclosures and Responses to Discovery, Velocity believes, based on its investigations to date, that there is no basis for limiting damages in this case because neither Velocity nor its predecessors made, offered for sale, or sold an embodying product. (D.E. 72 at 8 n.4.) Accordingly, 35 U.S.C. § 287 simply does not apply in this case. *See Konstant Prods., Inc. v. Frazier Indus. Co.,* No. 91 C 4491, 1992 U.S. Dist. LEXIS 14214, at *8-9 (N.D. Ill. Sept. 18, 1992) ("The marking and notice provisions of § 287 are not applicable to situations where the patented item is not made or sold by the patentee or persons operating 'for or under' the patentee.") (internal citations omitted); *see also Texas Digital Sys. v. Telegenix, Inc.,* 308 F.3d 1193, 1219 (Fed. Cir. 2002) ("The Supreme Court in *Wine Railway* held that the patent marking statute then in effect did not

require a patentee who did not produce the patented device to give actual notice to an infringer before damages could be recovered. Although *Wine Railway* interpreted a predecessor to the current patent marking statute, we have applied *Wine Railway* to the modern statutory counterpart, 35 U.S.C. § 287.") (*citing Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998); *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993); *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581, (Fed. Cir. 1983)).

Because there is no basis for limiting damages in this case to those occurring after actual notice of infringement, there is also no basis for limiting discovery to the period after actual notice. To the extent the Order imposes any such limitation, Velocity objects and requests modification of the Order.

B. Objection To Scope of Accused Subject Matter

Velocity objects to the portion of the Order directing Audi to "limit[] its answers and production to include only the accused features of Audi products specifically identified in the Amended Complaint [28]," and requests modification of the Order. (D.E. 91 at 3.) The language of the Order is ambiguous as to whether discovery was limited to "features … specifically identified in the Amended Complaint," "Audi products specifically identified in the Amended Complaint,"[1] or both. To the extent that this language prohibits Velocity from seeking discovery related to those features identified in

---

[1] To the extent the Order is intended to limit discovery to those Audi *products* identified in Velocity's Amended Complaint, Velocity is currently only seeking discovery regarding those products identified in its Amended Complaint. However, Velocity intends herein to reserve its right to seek discovery on products that Audi may release in the future. To the extent the Order would prohibit such discovery in the future, Velocity objects. Given that Velocity is not currently aware of the need for any such discovery, Velocity respectfully requests that the parties be ordered to meet and confer regarding discovery of any such products, should the need arise in the future.

its Initial Infringement Contentions, which were timely served pursuant to LPR 2.2 on April 8, 2014, the Order is clearly erroneous and contrary to law.

Discovery in this case is not appropriately limited to those "features … specifically identified in the Amended Complaint." To the contrary, the scope of discovery at this stage of litigation is appropriately defined by Velocity's Initial Infringement Contentions. *See Fujitsu Ltd. v. Tellabs Operations, Inc.*, Nos. 08 C 3379 and 09 C 4530, 2012 U.S. Dist. LEXIS 38740, at *31 (N.D. Ill. March 21, 2012) ("It noted that infringement contentions are meant to 'frame the scope of the case' in order to provide for timely discovery.") (citations omitted). Velocity was not required to provide the equivalent of final infringement contentions in its complaint, but rather was only required to meet the standard set forth in Federal Form 18. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* 681 F.3d 1323, 1334 (Fed. Cir. 2012). In light of this, it would be clearly erroneous to limit discovery in this case to those features identified in Velocity's complaint.

## III.    CONCLUSION

Velocity objects to the language "from 11/21/13 to the present" and the subject matter scope of Magistrate Judge Mason's July 11, 2014 Order regarding Plaintiff's Motion to Compel LPR 2.1(b)(1) Disclosures and Responses to Discovery and Plaintiff's Motion to Compel LPR 2.4(a) Disclosures. To the extent "from 11/21/13 to the present" is intended to limit discovery to post-notice infringing conduct, Velocity requests that language be stricken from the Order as clearly erroneous and contrary to law. To the extent the Order is intended to limit discovery to those features identified in Velocity's

complaint, Velocity requests that the Order be modified to limit discovery to those features identified in Velocity's Initial Infringement Contentions.


Dated: July 25, 2014                    Respectfully submitted,

                                        */s/ James A. Shimota*
                                        James A. Shimota


                                        James A. Shimota (IL Bar No. 6270603)
                                        Howard E. Levin (IL Bar No.  6286712)
                                        Aaron C. Taggart (IL Bar No. 6302068)
                                        MAVRAKAKIS LAW GROUP LLP
                                        180 North LaSalle Street, Suite 2215
                                        Chicago, Illinois 60601
                                        Telephone:  312-216-1626
                                        Facsimile:   312-216-1621
                                        jshimota@mavllp.com
                                        hlevin@mavllp.com
                                        ataggart@mavllp.com

                                        *Counsel for Plaintiff Velocity Patent LLC*

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 25, 2014, by electronic filing to:

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C**
Jeffrey M. Drake
Ryan C. Williams
225 West Washing Street, Suite 2600
Chicago, IL 60606
Tel: (312) 460-4234
Fax: (312) 460-4228
drakej@millercanfield.com
williamsr@milercanfield.com

KENYON & KENYON LLP
Susan A. Smith
1500 K. Street, N.W. Suite 700
Washington, DC 20005
Tel: (202) 220-4321
ssmith@keyon.com

Michael J. Lennon
One Broadway
New York, New York 10004
Tel: (212) 908-6439
mlennon@kenyon.com

Georg C. Reitboeck
One Broadway
New York, New York 10004
Tel: (212) 908-6187
greitboeck@kenyon.com

*Attorneys for Defendant*
*Audi of America, Inc.*

*/s/ Gina Villanova*

Mavrakakis Law Group LLP