UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:13-cv-08418 |
| v. ) | |
| ) | Judge John W. Darrah |
| AUDI OF AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Velocity Patent LLC ("Velocity") brought an action against Defendant Audi of America, Inc. ("Audi") for patent infringement under 35 U.S.C. § 1 *et seq*. Audi filed a Motion to Dismiss Velocity's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and a Motion to Transfer this case to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Velocity is a limited liability corporation organized under the laws of Illinois, with a principal place of business in Atherton, California. (Am. Compl. ¶ 2.) Audi is a corporation organized under the laws of Michigan with a principal place of business in Auburn Hills, Michigan. (*Id*. at ¶ 3.) Audi advertises, markets, and distributes automobiles throughout the United States. (*Id*. at ¶ 4.) Velocity owns all rights, title, and interest in U.S. Patent No. 5,954,781 ("the '781 patent"), which was issued on September 21, 1999. (*Id*. at ¶¶ 8-9.)

Audi manufactures, uses, imports, offers for sale, and sells automobiles that include: radar-based safety features comprising a "Driver Assistance package"; displays providing drivers

information regarding fuel consumption and efficiency of operation; engines with cylinder on demand technology; and automatic transmissions with manual gear-shifting features. (*Id*. at ¶¶ 11-14.) Twenty-five of Audi's models include one or more of these features, with an onboard computer system that manages the features. (*Id*. at ¶¶ 15-16.) By manufacturing and selling the aforementioned models equipped with these features, Audi has directly infringed, and continues to infringe, either literally or under the doctrine of equivalents, at least claims 1, 7, 13, 17, 23, 26, 28, and 31 of the '781 Patent in violation of 35 U.S.C. § 271. (*Id*. at ¶¶ 15, 17.) Audi received notice of the alleged infringement. (*Id*. at ¶ 18.)

## LEGAL STANDARD

A properly stated claim in a well-pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss the claim for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Withstanding such a motion requires alleging enough facts to support a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard does not require a showing of "probability," a mere showing of the possibility that the defendant acted unlawfully is insufficient. *Id.*

A district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). This decision "permits a flexible and individualized analysis" unconstrained by "a narrow or rigid set of considerations in their determinations."

*Research Automation, Inc. v. Schrader Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations and quotations omitted). The movant bears the burden of showing the transfer forum is more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

## ANALYSIS

### *Motion to Dismiss*

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Therefore, Seventh Circuit law applies. *Id.* However, the Federal Rules of Civil Procedure provide a series of forms that "suffice under the[] rules and illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84. It follows that any pleading that properly adheres to the specificity of one of the forms "cannot be successfully attacked." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)

Form 18 in the Appendix of Forms lays out the components of a complaint for patent infringement. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). It requires "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *McZeal,* 501 F.3d at 1357. "That Form 18 would control in the event of a conflict between the form and *Twombly* and *Iqbal* does not suggest, however, that we should seek to create conflict where none exists." *K-Tech*, 714 F.3d at 1284.

Velocity's First Amended Complaint contains each element required in Form 18. Audi apparently concedes this fact, but argues that "merely identifying allegedly infringing systems as required by the Form is not sufficient to state a claim." (Dkt. No. 47 at 2.)[1] Without offering authority for this particular proposition, Audi transitions to the argument that the Seventh Circuit requires plausibility in accordance with *Twombly* and *Iqbal*. However, Audi's cited cases are distinguishable.[2] In this case, there is no conflict between Form 18 and *Twombly* and *Iqbal*. The First Amended Complaint provided Audi with adequate notice. *See McZeal,* 501 F.3d at 1357 ("A patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend.").

Audi's assertion that Velocity must "plead specific facts showing not only which features are accused, but also why those features would plausibly meet the limitations of the asserted patent claims" is unpersuasive. The first case Audi cites in support of this argument is *K-Tech*, which held such specificity among allegedly infringing parts is unnecessary to survive a motion to dismiss. *K-Tech*, 714 F.3d at 1286 ("That K-Tech cannot point to the specific device or product . . . that translates the digital television signals each receives — especially when the operation of those systems is not ascertainable without discovery — should not bar K-Tech's

---

[1] Because this opinion regards multiple motions, responses and replies, each is referred to by its docket number.

[2] *Peters v. West*, 692 F.3d 629 (7th Cir. 2012) (copyright action dismissed as a matter of law after examination of supposedly infringing lyrics); *Wolf Run Hollow, LLC v. State Farm Bank, F.S.B.*, No. 12 C 9449, 2013 WL 6182941, at *2 (N.D. Ill. Nov. 26, 2013) (plaintiff conceded that defendant's technology performed a completely different task); *K-Tech*, 714 F.3d at 1279 (district court's dismissal reversed based on claims' compliance with Form 18); *In re Bill of Lading*, 681 F.3d at 1335 (district court's dismissal reversed based on claims' compliance with Form 18); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, Civil No. 13-2385 ADM/JJG, 2014 WL 494680, at *6 (D. Minn. Feb. 6, 2014) (dismissing claims against only one of two defendants because plaintiff referred to them interchangeably throughout complaint resulting in only one defendant being put on notice)

filing of a complaint."). Accordingly, Audi's Motion to Dismiss Velocity's Complaint for failure to state a claim is denied.

*Motion to Transfer*

Pursuant to 28 U.S.C. § 1404(a), a district court may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." Transfer is appropriate when: (1) venue is proper in both the transferor and the transferee courts; (2) the transfer will serve the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. 28 U.S.C. § 1404(a); *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A district court must consider these factors in light of all the circumstances, on a case-by-case basis, and has discretion regarding the weight accorded to each factor. *Coffey*, 796 F.2d at 219. The party seeking transfer bears the burden of establishing that the transferee court is clearly more convenient. *Id.* at 219-20.

Venue

In this case, the first requirement is not in dispute. Both parties agree that venue is proper in the United States District Court for the Northern District of Illinois and the United States District Court for the Eastern District of Michigan.

Convenience of the Parties and Witnesses

Most importantly, a transfer of venue must support the convenience of the parties and witnesses. *Body Sci. LLC v. Bos. Scientific Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012). Courts in this district consider five factors in evaluating convenience: (1) the plaintiff's initial choice of forum; (2) the *situs* of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties litigating in the respective forums; and (5) the convenience of the witnesses. *Id.* (citing *Research Automation,* 626 F.3d at 978).

5

Plaintiff's Choice of Forum

The plaintiff's choice of forum is usually entitled to a degree of deference in transfer of venue cases. *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007). Although the chosen forum is important, it is not dispositive in the evaluation. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *see also Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) ("While a plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer."). The plaintiff's choice of forum receives less deference "when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Moore*, 487 F. Supp. 2d at 1007. Velocity is organized under the laws of Illinois and chose to bring this suit in the Northern District of Illinois. This factor weighs slightly against transfer.

*Situs* of Material Events

In patent infringement cases, the business and activities of the alleged infringer are the operative facts. *See Gen 17, Inc. v. Sun Microsys., Inc.,* 953 F. Supp. 240, 243 (N.D. Ill.1997). Audi's principal place of business is in Auburn Hills, Michigan; but its products are sold and distributed in Illinois. However, "sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Sys., Inc. v. R & D Concrete Prods. Inc.,* 55 F.Supp.2d 871, 874 (N.D. Ill. 1999). Some courts in this district have found that the location of the alleged infringer's principal place of business is "critical" because patent suits often focus on the actions of the alleged infringer, its employees, and documents. *Addiction and Detoxification Inst., LLC v. Rapid Drug Detox Ctr.*, No. 11-cv-

7992, 2013 WL 951115, at *2-3 (N.D. Ill. Mar. 11, 2013) (citing *Body Sci.*, 846 F. Supp. 2d at 993). Yet, these elements are also properly considered in other parts of the convenience analysis.

Accordingly, the *situs* of material events is "largely irrelevant in patent cases, as infringement is determined by comparing the alleged infringing device or product with the language of the claim." *Kolcraft Enters. v. Chicco USA, Inc.,*, No. 09 C 3339, 2009 U.S. Dist. LEXIS 101605, at * 8 (N.D. Ill. Oct. 23, 2009) (citing *SRI Int'l v. Matsushita Elec. Corp. of Am.,* 775 F.2d 1107, 1121 (Fed. Cir. 1985)). The material events of a patent infringement case are not connected to a particular *situs*. *Medi USA v. Jobst Inst., Inc.,* 791 F. Supp. 208, 210 (N.D. Ill. 1992). This factor is neutral.

## Location of Proof

Most of the sources of proof, including files and equipment relating to the technical design of Audi's products are located in the Eastern District of Michigan.[3] However, documentary and digital evidence "is readily transferable and transporting it generally does not pose a high burden upon either party." *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009) (citations omitted); *see also Rabbit Tanaka Corp. USA v. Parodies Shops, Inc.,* 598 F.Supp.2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town."). Since most of the sources of proof are readily transferable, this factor weighs only slightly in favor of transfer.

---

[3] Audi acknowledges that at least some of the relevant documents are located in Herndon, Virginia.

7

## The Convenience of the Parties

The next factor is the convenience of the parties in litigating in the respective forums. In determining the convenience of the parties, courts "should consider their respective residences and their ability to bear the expenses of litigating in a particular forum." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 776 (N.D. Ill. 1998). However, a "motion to transfer cannot be used simply to shift the one party's inconvenience onto another party." *I.P. Innovation, L.L.C. v. Lexmark Int'l, Inc.,* 289 F.Supp.2d 952, 955 (N.D. Ill. 2003); *see also Medi*, 791 F. Supp. at 211. Audi's principal place of business is in the Eastern District of Michigan. Velocity's principal place of business is in Atherton, California. While it would be more convenient for Audi to litigate in its home forum, Velocity is presently litigating several other cases involving the patent-in-suit in the Northern District of Illinois. "While it is feasible for plaintiffs to litigate in multiple fora, it is obviously more convenient and cost efficient for plaintiffs to litigate all of their cases [in the same forum.]" *IP Innovation L.L.C. v. Matsushita Elec. Indus. Co, Ltd.,* No. 05 C 902, 2005 WL 1458232 at *9 (N.D. Ill. June 13, 2005). Transferring this case to the Eastern District of Michigan would merely shift the inconvenience to Velocity; therefore, this factor weighs against transfer.

## The Convenience of the Witnesses

The final factor to consider is the convenience of the witnesses. "The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989). The convenience of third-party witnesses is usually accorded more weight than party witnesses in considering whether transfer of venue is proper. *See Bd. of Trs. of Health & Welfare Dep't of Constr. & Gen. Laborers' Dist. Counsel of Chi. & Vicinity v. Kruzan*, 2011 WL 6140530, at *4 (N.D. Ill. Dec. 8, 2011). Determining which

venue is more convenient for the witnesses requires more than calculating the length of each party's witness list. *Chem. Waste Mgmt, Inc. v. Sims,* 870 F. Supp. 870, 876 (N.D. Ill.1994). Courts must look to the nature and quality of the witnesses' testimony with respect to the issues of the case. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1168 (N.D. Ill.1995).

Audi states that there are potential party witnesses living in the Eastern District of Michigan that have knowledge of the technical design of the systems used in its products. Audi also lists specific third-party witnesses living in the Eastern District of Michigan who would testify about prior-art systems. Velocity states that the inventors of the patent-in-suit live in Illinois and would be inconvenienced if this case was transferred to the Eastern District of Michigan. On the surface, it seems that the vast majority of third-party witnesses reside in the Eastern District of Michigan. However, two of these witnesses are employees of Audi, four are actually unspecified groups of "knowledgeable employees" of other companies, and one may be unavailable to testify.[4] Both parties argue inconvenience on behalf of specific third-party witnesses with important, relevant testimony. Therefore, this factor is neutral.

## The Interests of Justice

In evaluating the interest of justice, courts consider factors such as "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation,*

---

[4] Velocity asserts that one named third-party witness, Wesley A. Rogers, an inventor of GM's prior-art system, passed away in 2010. Audi argues that Velocity is referring to another Wesley A. Rogers. Although there is not conclusive evidence to confirm or refute this assertion, whether or not Mr. Rogers is in fact alive has little bearing on the final decision to grant or deny Audi's Motion to Transfer.

9

626 F.3d at 978 (citations omitted). This analysis is related "to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey*, 796 F.2d at 221. The interest of justice "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation*, 626 F.3d at 978; *see also Coffey*, 796 F.2d at 220 ("The interest of justice may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.").

### Docket Congestion and Speed to Trial

In 2013, the Northern District of Illinois docket was more congested compared to the Eastern District of Michigan. The average caseload in the Northern District of Illinois was 563 pending cases per judge. In the Eastern District of Michigan, the average caseload was 457 pending cases per judge. Cases brought in the Eastern District of Michigan also proceed to trial faster than those filed in the Northern District of Illinois. The median time from filing to trial for civil cases in the Eastern District of Michigan in 2013 was 26.7 months. In the Northern District of Illinois, the median time from filing to trial was 33.1 months. However, the median time from filing to disposition is slightly faster in the Northern District of Illinois. In 2013, the median time from filing to disposition in a civil case was 6.8 months in the Northern District of Illinois and 8 months in the Eastern District of Michigan. *See* Comparison of Districts Within the Seventh Circuit – 12 Month Period Ending December 31, 2013, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/comparison-districts-within-circuit-december-2013.pdf&page=7. This difference in speed of disposition is not significant relevant to the six-month difference in time to trial, as set out above. *See Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *3 (N.D. Ill. Mar. 22, 2004)

10

(stating that a median time difference from filing to disposition of less than three months would not greatly affect the speed at which the case would proceed to trial). Since the Northern District of Illinois docket is more congested and the average speed to trial is faster in the Eastern District of Michigan, this factor weighs in favor of transfer.

### Courts' Familiarity with the Applicable Law

Another factor to consider in evaluating the interest of justice is whether the transferor or transferee court has familiarity with the applicable law. Generally, this factor is immaterial to patent cases because "the applicable law is the same nationwide." *Rabbit Tanaka Corp.*, 598 F. Supp. at 841. The Northern District of Illinois, however, is a participant in the Patent Pilot Program. Participation in the Patent Pilot Program is not dispositive in the evaluation; however, it is an important quality that demonstrates familiarity with patent law. *See Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1035 (C.D. Ill. 2012); *Tech. Licensing Corp. v. Harris Corp.,* No. 9 C 820, 2012 WL 1298611, at *3 (N.D. Ill. Apr. 16, 2012) ("[E]xpediency of patent discovery and trials promoted by the Patent Pilot Program is a material consideration for many patent plaintiffs, and will not be discounted."). Furthermore, the Northern District of Illinois also has Local Patent Rules to facilitate planning and predictability in patent cases. The Eastern District of Michigan is not a participant in the Patent Pilot Program; it also does not have local patent rules. This factor weighs against transfer.

### Communities' Interest in Resolving the Case

Whether transfer of venue is appropriate also depends in part on the relationship of each community to the controversy. "The administration of justice is served more efficiently when the action is litigated in the forum that is closer to the action." *Carillo v. Darden*, 992 F. Supp. 1024, 1026 (N.D. Ill. 1998); *see also Hanley*, 6 F. Supp. 2d at 777. Although the Northern

11

District of Illinois may have an interest in preventing infringement operations from occurring in its boundaries, the accused products are sold throughout the United States; therefore, Michigan shares this interest. *See Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *7 (N.D. Ill. Oct. 31, 2002). Audi also employs hundreds of employees in the Eastern District of Michigan that may be affected by the outcome of this case, although Audi has offices in other parts of the country. Velocity does not argue that the community surrounding the Northern District of Illinois has any interest outside of the general disinclination to allow patent infringement to go unchecked and, therefore, this factor weighs slightly in favor of transfer.

### Desirability of Resolving Controversy in Each Locale

The final factor in determining the interest of justice is the respective desirability of resolving controversies in each locale. Velocity has several other actions against Mercedes-Benz, BMW, Chrysler, and Jaguar involving the patent-in-suit pending in the Northern District of Illinois. "The co-pendency of cases involving the same patent [is a] permissible consideration[] in ruling on a motion to transfer venue." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Judicial economy is best served by having litigation involving the same patent-in-suit to remain in the same district. This factor weighs strongly against transfer.[5]

---

[5] Audi argues that reassignment of the related cases to this Court cannot be considered because transfer must be decided based on "The situation which existed when the suit was instituted." *In Re EMC*, 501 F. App'x at 976 (citations omitted). However, "a district court may properly consider *any* judicial economy benefits which would have been apparent at the time the suit was filed." *Id*. (emphasis added). It is proper to consider the economy inherent in having the same judge handle cases involving the same patent "as to which there [is] no issue of transfer." *Id*.

In evaluating the interests of justice, the factors weigh against transferring the case to the Eastern District of Michigan. The Northern District of Illinois has a greater interest in resolving the issue because of the pendency of related actions involving the patent-in-suit.

Transfer to the Eastern District of Michigan is not appropriate considering the requirements of 28 U.S.C. § 1404(a). Although both venues would be proper, the convenience of the parties and the witnesses and the interest of justice would be best served by maintaining this suit in the Northern District of Illinois. Therefore, Audi's Motion to Transfer to the United States District Court for the Eastern District of Michigan is denied.

## CONCLUSION

For the foregoing reasons, Audi's Motion to Dismiss for Failure to State a Claim [36] is denied. In the interest of justice and fairness, as well as the sake of convenience, Audi's Motion to Transfer Venue [50] is denied. This case will remain in the United States District Court for the Northern District of Illinois.

Date: 8/19/2014

JOHN W. DARRAH
United States District Court Judge