# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT LLC,<br><br>   *Plaintiff,*<br><br>v.<br><br>AUDI OF AMERICA, INC.<br><br>   *Defendant.* | Case No: 1:13-cv-8418<br><br>Honorable John W. Darrah<br><br>Magistrate Judge Michael T. Mason<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S RESPONSE TO VELOCITY PATENT LLC'S OBJECTION TO MAGISTRATE JUDGE MASON'S JULY 11, 2014 ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL**

**TABLE OF CONTENTS**

**<u>Page</u>**

TABLE OF AUTHORITIES ....................................................................................................... ii

LIST OF EXHIBITS .................................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 6

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cognex Corp. v. Microscan Sys.*,
    No. 13 Civ. 2027(JSR), 2013 U.S. Dist. LEXIS 181960 (S.D.N.Y. Dec. 31, 2013).......... 5

*Cummins, Inc. v. TAS Distrib. Co.*,
    700 F.3d 1329 (Fed. Cir. 2012)................................................................................... 5

*Dunlap v. Schofield*,
    152 U.S. 244 (1894)................................................................................................... 3

*e-Watch Inc. v. Avigilon Corp.*,
    No. H-13-0347, 2013 U.S. Dist. LEXIS 131605 (S.D. Tex. Sept. 16, 2013)..................... 5

*Jackson v. Intel Corp.*,
    No. 09 C 2178, 2009 WL 2851742 (N.D. Ill. Aug. 31, 2009).......................................... 3

*Lans v. Digital Equip. Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001)................................................................................... 3

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996)..................................................................................... 3

*Motorola, Inc. v. United States*,
    729 F.2d 765 (Fed. Cir. 1984)..................................................................................... 3

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)................................................................................................... 4

*PACT XPP Techs., AG v. Xilinx, Inc.*,
    No. 2:07-CV-563-RSP, 2012 U.S. Dist. LEXIS 40651 (E.D. Tex. Mar. 26, 2012)........... 5

*TAS Distrib. Co. v. Cummins Engine Co.*,
    491 F.3d 625 (7th Cir. 2007) ..................................................................................... 5

*Tech Licensing Corp. v. Thomson, Inc.*,
    No. Civ. S-03-1329 WBS PAN, 2005 WL 1562225 (E.D. Cal. June 30, 2005) ................ 4

**Statutes**

35 U.S.C. § 287 ............................................................................................................... 3, 5, 6

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................. 4

Fed. R. Civ. P., Form 18 ..................................................................................................... 4

## LIST OF EXHIBITS

Exhibit 1   U.S. Patent Application Publication No. 2012/0137658, "Temp-A-Start Regeneration System" (with highlighting)

Exhibit 2   Excerpts from the EMI-Global website, *available at* http://www.emi-global.com/ and http://www.emi-global.com/temp-a-start

Exhibit 3   June 9, 2014 Notice of Document Subpoena to TAS Distributing Co., Inc.

Exhibit 4   August 26, 2014 TAS Distributing Co. Inc.'s Objections and Responses to Mercedes' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**INTRODUCTION**

Plaintiff Velocity's only remaining objection to Magistrate Judge Mason's July 11, 2014 order argues that the ruling is clearly erroneous because it limits the scope of Velocity's discovery in this case to information relating to vehicles sold by defendant ("Audi")[1] after the filing of Velocity's original Complaint in this lawsuit.[2]

Velocity has repeatedly mischaracterized this as a new issue that Audi failed to timely raise when, in fact, Audi raised this same issue, based on the same paragraph in the Amended Complaint, in its April 3, 2014 objections to Velocity's March 4, 2014 requests for production and interrogatories. *See* D.E. 49, Ex. C, Objection No. 7; *id.*, Ex. B, Objection No. 1. After Velocity ignored this objection in its opening brief, and addressed it for the first time in its reply brief, Magistrate Judge Mason granted Audi leave to file a sur-reply to respond to Velocity's untimely argument. *See* D.E. 77–79 ("Defendant's motion to strike plaintiff's reply or for leave to file a sur−reply [77] is granted as follows. Defendant's sur−reply, attached as Exhibit A to its motion, will be considered by the Court.").

Velocity admits that it first provided notice of Audi's alleged infringement on the date that it filed the Complaint in this lawsuit. Velocity's recovery of damages before this date is limited by the patent-marking statute, which precludes the recovery of damages if patented products are sold without marking them with the patent number. In its objection, Velocity asserts, without support, that the patent-marking statute does not apply, even though TAS

---

[1] Audi of America, Inc. is a registered trade name of Volkswagen Group of America, Inc., the defendant in this litigation.

[2] As discussed during the August 19, 2014 status conference and hearing, counsel for the parties have reached agreement regarding all of the discovery issues addressed in Magistrate Judge Mason's July 11, 2014 orders (D.E. 90–91) and the parties' July 25, 2014 and July 28, 2014 objections (D.E. 99–102) other than the damages issue addressed in this response.

1

Distributing Co., Inc., the automotive company that owned Velocity's patent until shortly before Velocity filed suit, and TAS's licensees, did sell patented products, and at least one of those companies continues to sell patented products. Velocity, which bears the burden of proving that these companies complied with their marking obligations, and TAS, which is represented by Velocity's litigation counsel, have been asked, but have refused, to produce *any* documents concerning these products to support Velocity's assertion that there was no obligation that they be marked. *See, e.g.,* Ex. 4, Document Request Nos. 22, 37–38 ("DOCUMENT REQUEST NO. 22: All documents referring to or concerning the marking pursuant to 35 U.S.C. § 287 of any article embodying any alleged invention claimed in the '781 Patent. . . . TAS Distributing Co. Inc. states that it has no responsive documents. . . . TAS Distributing Co. Inc. states that its sole product (Temp-A-Start) is not relevant to any claim or defense in this case.").

Audi is filing this response to Velocity's objection to the order of Magistrate Judge Mason pursuant to the court's order at the August 19, 2014 hearing that the parties file simultaneous briefs. As explained below, Magistrate Judge Mason's order properly limits Velocity's discovery to those vehicles sold after it filed its original Complaint. Velocity's Amended Complaint, which is its operative pleading, alleges only that it provided Audi with notice of the alleged infringement when its original Complaint was filed, which is sufficient only to support a claim for damages as of that date. The court should overrule Velocity's objection.

**ARGUMENT**

In his July 11th order, Magistrate Judge Mason limited the scope of Velocity's discovery requests to those Audi brand vehicles sold in the United States after November 21, 2013. D.E. 91 at 3 & n.2. This ruling is based on Velocity's allegation in its Amended Complaint that it notified Audi of the alleged infringement "by filing its initial complaint for patent infringement

on November 21, 2013." *See* D.E. 28 ¶ 18.

35 U.S.C., Section 287(a) limits the recovery of damages by a patent holder making or selling a patented article to the period after either actual notice of the alleged infringement is given or constructive notice is provided by marking:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent . . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

To support a damages claim prior to giving notice, the plaintiff has to plead and prove that it complied with the marking requirements of § 287, or that the marking requirements do not apply. *See Jackson v. Intel Corp.*, No. 09 C 2178, 2009 WL 2851742, at *2–3 (N.D. Ill. Aug. 31, 2009) ("'[T]he duty of alleging and the burden of proving [compliance with Section 287(a)] is upon the plaintiff.' . . . For these reasons, the Court holds that Jackson's complaint should, at the least, be dismissed without prejudice." (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894))); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("As the patentee, Maxwell had the burden of pleading and proving at trial that she complied with the statutory requirements [of Section 287(a)]."); *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984) (same); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326–28 (Fed. Cir. 2001) ("Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement before expiration of the '986 patent, § 287(a) prevents Uniboard from collecting damages from the Computer Companies. . . . Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted."); *Tech Licensing*

*Corp. v. Thomson, Inc.*, No. Civ. S-03-1329 WBS PAN, 2005 WL 1562225, at *2–3 (E.D. Cal. June 30, 2005) ("The requirement that [the] patentee plead [compliance] effectively serves to put the alleged infringer on notice as to the scope of the litigation and the extent of the damages alleged.").[3]

      A plaintiff can plead facts demonstrating that (1) it (or its predecessor or any licensees under the patent) has marked any "patented products" (i.e., products embodying any claim of the patent) with the patent number, or (2) neither it nor its predecessors or licensees made, offered for sale, or sold any patented products, or (3) it has given the defendant actual notice of the alleged infringement.  Here, Velocity's Amended Complaint alleges only that Audi was given actual notice by the filing of Velocity's original Complaint on November 21, 2013.  *See* D.E. 28 ¶ 18.  Based on this pleading, Magistrate Judge Mason correctly limited Velocity's discovery requests to information relating to those accused Audi vehicles sold on or after that date.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978) ("Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1).  Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period . . . .").

      Velocity's objection states that "Velocity believes, based on its investigations to date, that . . . neither Velocity nor its predecessors made, offered for sale, or sold an embodying product" (*see* D.E. 99 at 5), ignoring the fact that its Amended Complaint fails to plead any facts that would support this assertion and that Velocity bears the burden of pleading its compliance with

---

[3] *See also* Fed. R. Civ. P., Form 18, which requires the plaintiff to plead that it "has complied with the statutory requirement of placing a notice of the Letters Patent on all [products] it manufactures and sells and has given the defendant written notice of the infringement."

the marking requirements of Section 287(a), or the inapplicability of that section.[4] As a result, Velocity's Amended Complaint fails to state a claim for damages prior to November 21, 2013. *Cognex Corp. v. Microscan Sys.*, No. 13 Civ. 2027(JSR), 2013 U.S. Dist. LEXIS 181960, at *16–20 (S.D.N.Y. Dec. 31, 2013) ("[P]laintiffs are permitted only to collect damages incurred after they provided defendants with actual notice of infringement."); *e-Watch Inc. v. Avigilon Corp.,* No. H-13-0347, 2013 U.S. Dist. LEXIS 131605, at *6–7 (S.D. Tex. Sept. 16, 2013) (same); *see also PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 U.S. Dist. LEXIS 40651, at *11–12 (E.D. Tex. Mar. 26, 2012).

Contrary to the unsupported assertion in Velocity's objection, TAS Distributing Co., Inc., the prior owner of the '781 patent, and Detroit Diesel and Cummins, licensees of TAS, have in fact made and sold products that are described in TAS patents. *See, e.g., Cummins, Inc. v. TAS Distrib. Co.*, 700 F.3d 1329, 1331 (Fed. Cir. 2012) ("TAS, an Illinois corporation headquartered in Peoria, invented, developed, and marketed its patented technology . . . incorporated by TAS into systems called 'Temp-A-Start' and 'Temp-A-Stop.'"); *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 627–28 (7th Cir. 2007).[5] Although Audi and the defendants in other Velocity litigations have served discovery requests asking Velocity and TAS (also represented by

---

[4] Velocity does not need discovery from Audi in order to plead that Velocity and the previous patent owner complied with their obligations to mark patented products.

[5] The TAS Temp-A-Start system includes a module that illuminates "a green LED" visible to a truck driver to indicate that the engine is being operated in a manner that "reduc[es] fuel economy." *See, e.g.,* Ex. 1 (U.S. Patent Application Publication No. 2012/0137658) ¶¶ [0003], [0006], [0013], [0014], [0016], [0018], [0020], [0022]. Claim 28 of the '781 patent, which Velocity asserts that Audi infringes in this litigation (*see* D.E. 28 ¶ 17), describes a fuel overinjection notification circuit indicating that "excessive fuel is being supplied to said engine of said vehicle." *Id.*, Ex. A, col. 20, ll. 38–55. The Temp-a-Start technology is currently being sold by EMI-Global, a provider of management technology for trucking, construction, mining, and fleet vehicles. *See* Ex. 2 at 4 ("Temp-A-Start is an automatic monitoring system for diesel engines that eliminates unnecessary engine idling, saves fuel, . . . and increases your over-all M.P.G.").

Velocity's litigation counsel) to produce, e.g., information relating to any commercial use by either company of the subject matter of the '781 patent, and information concerning whether they complied with the marking requirements of Section 287,[6] TAS and Velocity have refused to produce any information in response to those requests. *See, e.g.,* Ex. 4, Document Request Nos. 22, 37–38 ("TAS Distributing Co. Inc. states that its sole product (Temp-A-Start) is not relevant to any claim or defense in this case.").

## CONCLUSION

In summary, Magistrate Judge Mason's July 11, 2014 order correctly limits Velocity's discovery to information relevant to the Audi brand vehicles sold in the United States after the date of its November 21, 2013 Complaint. Velocity's objection to the court's order should accordingly be overruled.

Dated:   September 3, 2014   Respectfully submitted:

  /s/ Ryan C. Williams

Jeffrey M. Drake, Esq.
Ryan C. Williams, Esq.
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Tel: (312) 460-4200
Fax: (312) 460-4201
Email: drakej@millercanfield.com
Email: williamsr@millercanfield.com

---

[6] *See* Ex. 3, Document Request Nos. 1, 5, 11; D.E. 49, Ex. D, Interrogatory Nos. 1–2; *id.*, Ex. E, Request Nos. 1, 6, 11; Ex. 4, Document Request Nos. 22, 37–38.

Michael J. Lennon, Esq. (admitted *pro hac vice*)
Georg C. Reitboeck, Esq. (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel: (212) 425-7200
Fax: (212) 425-5288
Email: mlennon@kenyon.com
Email: greitboeck@kenyon.com

Susan A. Smith, Esq. (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel: (202) 220-4200
Fax: (202) 220-4201
Email: ssmith@kenyon.com

Attorneys for Defendant VOLKSWAGEN GROUP OF AMERICA, INC.

7