IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT LLC,<br><br>        *Plaintiff,*<br><br>   v.<br><br>AUDI OF AMERICA, INC.,<br><br>        *Defendant.* | Case No: 1:13-cv-8418<br><br>Honorable John W. Darrah<br><br>Magistrate Judge Michael T. Mason<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S SUR-REPLY TO VELOCITY PATENT LLC'S OBJECTION TO MAGISTRATE JUDGE MASON'S JULY 11, 2014 ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL**

Velocity's reply brief, filed after the close of the briefing ordered by the court, asks the court to "simply ignore" the argument in Audi's response that "TAS Distributing Co., Inc., the prior owner of the '781 patent, and Detroit Diesel and Cummins, licensees of TAS, have in fact made and sold products that are described in TAS patents." *Compare* D.E. 110 (Audi's response) at 5–6, *with* D.E. 115 (Velocity's reply) at 1–2. This argument was timely, and should be considered by the court, because it directly responds to the unsupported assertion in Velocity's objections that "Velocity believes, based on its investigations to date, that there is no basis for limiting damages in this case because neither Velocity nor its predecessors made, offered for sale, or sold an embodying product." *See* D.E. 99 at 5.[1]

---

[1] Velocity first raised this argument in its reply brief in support of its motion to compel, where it likewise argued, without support, that "[b]ased on its investigation to date, Velocity does not believe it or any of its predecessors-in-interest made, offered for sale, or sold within the United States any patented articles embodying any of the claims of the patent-in-suit." D.E. 72 at 7–8 & n.4.

Velocity's reply brief also argues on the merits that "the Temp-A-Start product TAS sold in no way practices the patent-in-suit and it is thus irrelevant to any marking obligation" (D.E. 115 at 2–6), but this argument also is not correct.  For example, Velocity claims that the Temp-A-Start product does not include the claimed "fuel overinjection notification circuit" because the Temp-A-Start system merely "increases fuel efficiency," which is not an element of the claims.  *See id.* at 2, 4–5 & n.2 ("[T]he claims of the patent-in-suit claim don't recite 'fuel efficiency,' and therefore Audi has not advanced any reasonable argument as to why this limitation is practiced by the Temp-A-Start product.").  But Velocity's own infringement contentions in this litigation contradict this argument, because they identify Audi systems that "reduce your vehicle's consumption of fuel" as the claimed "fuel overinjection notification circuit."  *See, e.g.*, D.E. 80, Ex. 1 (Velocity's Infringement Contentions) at 15–17, 97–98.

Likewise, there is no basis for Velocity's assertion that the Temp-A-Start system does not include the claimed "road speed sensor," "manifold pressure sensor," and "throttle position sensor."  D.E. 115 at 5–6.  The only evidence Velocity provides—four sentences of a declaration by the President of TAS (who retains an interest in the outcome of this lawsuit) and two excerpts from the TAS website—do not identify which sensors are (and are not) used in the Temp-A-Start product.  *See id.*, Ex. E (Declaration of Harvey Slepian) ¶ 2; *id.*, Exs. D, F (excerpts from the Temp-A-Start website).  Contrary to Velocity's unsupported argument, the TAS patent application cited by Audi in its response brief states that the "Temp-A-Start Regeneration System" includes an "engine controller . . . communicat[ing] with various sensors that monitor various parameters of the engine" related to, e.g., speed, fuel injection, and engine pressure.  *See,*

2

*e.g.,* D.E. 110, Ex. 1 (U.S. Patent Application Publication No. 2012/0137658) ¶¶ [0013], [0021].[2] Even if these sensors were not sold as part of the Temp-A-Start product, but instead were part of the vehicle engine, TAS still would have been obligated to mark its product with the patent number. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184–85 (Fed. Cir. 1994) (a patentee that sells "one element of the patented combination with the expectation that [its customers] would use that element to make and sell the patented invention" is required to mark its products).

Velocity admits in its reply brief that the issue of whether TAS was obligated to mark its products with the number of the '781 patent "cannot be resolved with the present briefing" because the evidence is incomplete. D.E. 115 at 6. Nonetheless, it continues to refuse to produce any "discovery related to the Temp-A-Start products that [Audi] alleges practice the claims of the patent-in-suit" because this information allegedly "is not within the proper scope of discovery for this case." *Id.* at 6 & n.3. In order to collect past damages in this litigation, Velocity, as the patentee, must both plead and prove that it and its predecessor TAS complied with the patent-marking statute. *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("Whether [the patent holder's] patented articles have been duly marked or not is a matter peculiarly within his own knowledge; and if they are not duly marked, the statute expressly puts upon him the burden of proving the notice to the infringers, before he can charge them in damages. By the elementary principles of pleading, therefore, the duty of alleging, and the burden of proving, either of these facts is upon the plaintiff."). Velocity did not plead that it and TAS have complied with the

---

[2] Because this TAS patent application explicitly describes TAS's "Temp-A-Start" system, there is no merit to Velocity's statement that "Audi offers nothing more than attorney argument based on incorrect and baseless assumptions" about the Temp-A-Start product. *See* D.E. 115 at 3.

marking statute in its Complaint, or plead that the marking statute does not apply, and Velocity has made a conscious decision to withhold from Audi the discovery that would show whether they did. There is thus no basis for Velocity to assert a claim for past damages and, as Magistrate Judge Mason found in his order (D.E. 91 at 3 & n.2), Velocity's discovery should be limited to Audi vehicles sold on or after the date that it gave Audi actual notice of the alleged infringement by filing its Complaint.

Date: October 15, 2014                    Respectfully submitted:


                                          /s/ Jeffrey M. Drake
                                          Jeffrey M. Drake, Esq.
                                          Ryan C. Williams, Esq.
                                          MILLER, CANFIELD, PADDOCK AND STONE, PLC
                                          225 West Washington Street, Suite 2600
                                          Chicago, Illinois 60606
                                          Tel: (312) 460-4200
                                          Fax: (312) 460-4201
                                          Email: drakej@millercanfield.com
                                          Email: williamsr@millercanfield.com

                                          Michael J. Lennon, Esq. (admitted *pro hac vice*)
                                          Georg C. Reitboeck, Esq. (admitted *pro hac vice*)
                                          KENYON & KENYON LLP
                                          One Broadway
                                          New York, NY 10004-1007
                                          Tel: (212) 425-7200
                                          Fax: (212) 425-5288
                                          Email: mlennon@kenyon.com
                                          Email: greitboeck@kenyon.com

Susan A. Smith, Esq. (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel: (202) 220-4200
Fax: (202) 220-4201
Email: ssmith@kenyon.com

Attorneys for Defendant VOLKSWAGEN GROUP OF AMERICA, INC.