**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 1:13-cv-08418 |
| | ) | |
| v. | ) | Hon. John W. Darrah |
| | ) | |
| AUDI OF AMERICA, INC., | ) | Magistrate Michael T. Mason |
| | ) | |
| | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**VELOCITY PATENT LLC'S RESPONSE TO AUDI OF AMERICA, INC.'S SUR-REPLY REGARDING VELOCITY PATENT LLC'S OBJECTION TO JUDGE MASON'S JULY 11, 2014 ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL**

Pursuant to the Court's Order (D.E. 119), Velocity Patent LLC ("Velocity") hereby responds to Audi of America Inc.'s ("Audi") Sur-Reply to Velocity's Objection to Magistrate Judge Mason's July 11, 2014 Order Granting-in-Part Plaintiff's Motion to Compel. Although the issue before the Court – whether Audi should be compelled to produce documents and information regarding infringement prior to the filing of this case – has been the subject of briefing dating back to April of this year, Audi raised new arguments in its September 3, 2014 briefing on this issue. Audi's sur-reply is a blatant attempt to simply rehash those new arguments before the Court. For the reasons stated below, Velocity requests that Audi be ordered to produce documents and information relating to infringement of the patent-in-suit, including infringement occurring before the filing of the complaint in this case.

In April, Velocity initially moved to compel Audi to produce significant discovery before Magistrate Mason. Audi argued there (1) that it was permitted to withhold discovery because it had filed a motion to dismiss, and (2) in general, that Velocity's requests were overly broad. Velocity defeated both these arguments. Now, after nearly seven (7) months and many briefs, Audi's argument that it can withhold discovery has undergone a metamorphosis. Audi currently tells the Court that it has a defense that Audi has decided it will win so Audi can withhold manifestly relevant information. But Audi's new argument comes far too late, and like its predecessors, it is factually and legally wrong.

The crux of Audi's sur-reply appears to be that discovery regarding pre-filing infringement should be denied because Velocity has not yet proven that the marking statute is inapplicable in this case. Audi's position – that discovery should be denied until the plaintiff has proven its case – turns the Federal Rules on their head. Audi cannot refuse discovery regarding pre-filing infringement evidence merely by raising a marking defense any more than it can refuse discovery regarding all accused products simply because it believes it will ultimately win its non-infringement defense (or a prior art defense, etc.). It is a basic tenet of litigation in this country that, absent some early summary determination or dismissal, any discovery that "is relevant to any party's claim or defense" may be taken. Fed. R. Civ. Pro. 26(b)(1). Because Audi has not argued that the requested discovery is outside the scope defined by the Federal Rules or otherwise prohibited under any applicable law or rule, Audi should be compelled to provide the requested discovery.

Audi's eleventh hour argument that the discovery Velocity seeks should be denied because Audi has not obtained the discovery it has allegedly sought is similarly misplaced. Audi's argument, which amounts to deflection and blame shifting was of course never presented

to Magistrate Judge Mason. And, fundamentally discovery cannot orderly proceed if it devolves into a petty tit-for-tat endeavor. Before this recent round of briefing (months after presentation to Magistrate Judge Mason), Audi had never once raised any allegation that Velocity or any third party had failed to produce evidence concerning Temp-A-Start. Audi certainly has not met and conferred as required by the Local Rules for discovery disputes. *See* Local Rule 37.2. Indeed, Audi's failure to raise its supposed discovery complaints is particularly egregious insofar as the Court ordered the parties to meet and confer before submitting this most recent round of briefing. (D.E. 114.) Audi could have and should have raised this purported issue then, thereby sparing the parties and the Court unnecessary briefing. But, even putting aside Audi's sandbagging, whether Audi has obtained all the discovery concerning its purported marking defense is simply irrelevant to Velocity's discovery motion. Velocity seeks discovery regarding the infringement it has alleged in its Amended Complaint and as further detailed in its Infringement Contentions – discovery that is routinely sought and obtained in patent infringement cases. Audi can serve discovery requests regarding the Temp-A-Start product on Velocity, and Velocity will confer with Audi regarding the reasonableness of Audi's requests. In the meantime, Audi cannot maintain its continued refusal to produce highly relevant discovery concerning products that Velocity has identified and charted in preliminary infringement contentions and sought through the longstanding unanswered discovery requests at issue in the original briefing before Judge Mason.

Finally, Velocity briefly addresses Audi's spurious and disingenuous assertion that Velocity "has made a conscious decision to withhold from Audi" certain discovery. As discussed above, Audi has never sought from Velocity the discovery it now claims was withheld at all, either in correspondence between the parties or in discovery requests. While Velocity

3

disagrees with Audi's theory, Velocity will discuss in good faith all discovery grievances raised by Audi. But Audi must communicate with Velocity rather than interjecting a supposed complaint in what Audi believes will be the last word with the Court. Under the circumstances, Audi's questionable assertion regarding a "conscious decision" takes rhetoric too far, and is uncivil at best. Velocity hopes that there will be a more civil tone in this case going forward.

Although the Court need not decide whether Audi's marking defense is meritorious to resolve the instant discovery dispute – and indeed, that issue is not properly before the Court in any event – Velocity addresses Audi's arguments that the Temp-A-Start product embodied the patent-in-suit, and thus triggered the marking requirement, in the interest of completeness. First, Audi relies on U.S. Patent Application Publication No. 2012/0137658 (which is unrelated to the patent-in-suit) as evidence of what was included in the Temp-A-Start product without presenting any evidence that what is described in the patent application was ever embodied in a product actually made or sold in the U.S.[1] Accordingly, Audi's arguments related to the patent application should be disregarded. Additionally, and as explained in Velocity's Reply Brief, the Temp-A-Start product is fundamentally different than the invention described by the patent in suit. (D.E. 115.) Simply, the Temp-A-Start product relates primarily to regulating sleeper cabin temperature while a large truck is sitting idle, while the invention of the patent-in-suit relates to the optimization of a vehicle while it is driven. (*See id.*) Thus, the product and the invention of the patent-in-suit are facially miles apart.[2] To the extent that Audi persists with its purported

---

[1] Audi appears to contend that because the patent application includes the words "Temp-A-Start," and a product was sold bearing the same name, that the invention described in the patent application must be embodied in the product. Although the logical fallacy of Audi's position is apparent, it is also worth noting that the Temp-A-Start product has been sold for approximately 25 years, while the patent application cited by Audi was published just two years ago.

[2] The Temp-A-Start product is described in United States patents from the early 1990's. *See, e.g.,* U.S. Patent No. 5,072,703. These Temp-A-Start patents were filed before the patent-in-suit.

marking defense, Velocity will demonstrate to the Court in detail why the defense borders on bad faith as necessary in the future. In the context of this discovery dispute, however, it is obviously far from the foregone conclusion Audi suggests – which is the Court's conclusion to make based on evidence rather than argument in discovery motions – that Audi's marking defense has any merit.

For the reasons stated above, Velocity respectfully requests that the Court order Audi to produce documents relating to infringement of the patent, including infringement before the filing of this case.

Dated: October 21, 2014                    Respectfully submitted,

                                           */s/ James A. Shimota*
                                           James A. Shimota


                                           James A. Shimota (IL Bar No. 6270603)
                                           Howard E. Levin (IL Bar No. 6286712)
                                           Aaron C. Taggart (IL Bar No. 6302068)
                                           MAVRAKAKIS LAW GROUP LLP
                                           180 North LaSalle Street, Suite 2215
                                           Chicago, Illinois 60601
                                           Telephone: 312-216-1626
                                           Facsimile: 312-216-1621
                                           jshimota@mavllp.com
                                           hlevin@mavllp.com
                                           ataggart@mavllp.com

                                           *Counsel for Plaintiff Velocity Patent LLC*

---

Despite Audi's allegation that the claims of the patent-in-suit read on Temp-A-Start, Audi has not identified any of the Temp-A-Start patents as relevant prior art to the patent-in-suit. The absence of any such prior art allegation underscores the weakness of Audi's purported marking defense.

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 21, 2014 by electronic filing to:

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C**
Jeffrey M. Drake
Ryan C. Williams
225 West Washing Street, Suite 2600
Chicago, IL 60606
Tel: (312) 460-4234
Fax: (312) 460-4228
drakej@millercanfield.com
williamsr@millercanfield.com

**KENYON & KENYON LLP**
Susan A. Smith
1500 K. Street, N.W. Suite 700
Washington, DC 20005
Tel: (202) 220-4321
ssmith@keyon.com

Michael J. Lennon
One Broadway
New York, New York 10004
Tel: (212) 908-6439
mlennon@kenyon.com

Georg C. Reitboeck
One Broadway
New York, New York 10004
Tel: (212) 908-6187
greitboeck@kenyon.com

*Attorneys for Defendant*
*Audi of America, Inc.*

*/s/ James A. Shimota*

Mavrakakis Law Group LLP

6