UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 13-cv-8418 |
| v. ) | |
| ) | Judge John W. Darrah |
| AUDI OF AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Velocity Patent, LLC ("Plaintiff" or "Velocity"), filed a motion to compel LPR 2.1(b)(1) and 2.4(a) disclosures and responses to discovery by Defendant Audi of America, Inc. ("Defendant" or "Audi"), which was granted in part and denied in part by Magistrate Judge Mason. Velocity objects to the Magistrate's July 11, 2014 orders.

## BACKGROUND

Velocity filed a Complaint, alleging infringement of U.S. Patent No. 5,954,781 by Audi on November 21, 2013. Audi filed a Motion to Dismiss the Complaint on January 27, 2014. In response, Velocity filed a First Amended Complaint on January 30, 2014. Audi filed a second Motion to Dismiss on February 18, 2104. The second Motion to Dismiss was denied on August 20, 2014. On July 25, 2014, Velocity filed objections to Magistrate Judge Mason's July 11, 2014 Order regarding Plaintiff's Motion to Compel LPR 2.1(b)(1) Disclosures and Responses to Discovery and Plaintiff's Motion to Compel LPR 2.4(a) Disclosures (the "Order"). The parties were ordered to file simultaneous briefs on Velocity's objections to the Order and have done so. The parties stipulated to a stay pending the outcome of a patent reexamination by the United States Patent and Trademark Office on November 6, 2014, but requested a ruling on Velocity's objections.

## LEGAL STANDARD

This issue is governed by Federal Rule of Civil Procedure 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). To prevail on their objections, the parties must show that Judge Mason's order was clearly erroneous or contrary to law. *See Makowski v. Smith Amundsen LLC*, No. 08-CV-6912, 2012 WL 3643909, at *1 (N.D. Ill. Aug. 21, 2012).

## ANALYSIS

The contested portion of Judge Mason's order is the limitation on production of materials; specifically, Judge Mason ordered that discovery related to past damages should be limited to the accused features of Audi products identified in the Complaint from November 21, 2013 to the present. (Dkt. 7, p. 4.)

Velocity argues that Audi should be compelled to produce discovery relating to past damages for the period beginning six years prior to the filing date of the Complaint. In support Velocity cites 35 U.S.C. § 286, which states that, "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

Audi argues that Velocity did not comply with the marking obligations and so discovery on damages should be limited to the filing of the Complaint. In support, Audi cites 35 U.S.C. § 287, which states, in pertinent part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

Audi essentially argues that Velocity has not pled that they complied with the marking requirement, and that therefore, damages before the Complaint was filed are irrelevant. *See e.g.*, *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (holding that because patentee's licensees did not mark their products and because patentee did not inform accused infringers of infringement, they were not entitled to damages.) Velocity responds that since Velocity and its predecessor in interest did not make, sell, or license any products covered by the asserted patent prior to the date of the Complaint, they are not required to plead that the marking requirement was satisfied. *See Konstant Prods., Inc. v. Frazier Indus. Co.*, No. 91-CV-4491, 1992 WL 404224, at *3 (N.D. Ill. Sept. 18, 1992).

Velocity cries foul that the marking issue is asserted for the first time in the ordered briefing. Audi asserts that these objections are not raised for this first time and were in fact before Judge Mason based on a sur-reply that was allowed for Audi's April 3, 2014 objections to Velocity's March 4, 2014 requests for productions and interrogatories. The objections and sur-

reply do reference Velocity seeking "information relating to events occurring before Velocity provided Audi with notice of the alleged infringement by serving Velocity's November 21, 2013 Complaint." (Dkt.77-1 p. 2.) However, the issues of marking and 35 U.S.C. § 287 are never mentioned in the objections or the sur-reply. To call this a previously raised argument is stretching the truth to the breaking point. Nor does Audi claim that they argued marking or 35 U.S.C. § 287 to Magistrate Judge Mason. Therefore, the marking requirement could not have been a valid reason for Magistrate Judge Mason to limit discovery to November 21, 2013.

The Court has been asked to rule on objections to the magistrate's orders, not to determine if there is a marking requirement and/or whether Velocity's Amended Complaint satisfies the requirements of 35 U.S.C. § 287. On the record as presented, Magistrate Judge Mason did not consider the marking argument; therefore, his order was clearly erroneous.

## CONCLUSION

For the reasons discussed above, Audi is hereby ordered to produce discovery relating to past damages for the period beginning six years prior to the filing date of the Complaint, November 21, 2013.

Date:     December 11, 2014           /s/ _____
                                      JOHN W. DARRAH
                                      United States District Court Judge