UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELOCITY PATENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-cv-8418 |
| ) | |
| AUDI OF AMERICA, INC., ) | Judge John W. Darrah |
| ) | |
| Defendant, ) | |

# MEMORANDUM OPINION AND ORDER

On November 21, 2013, Velocity filed a Complaint alleging infringement of U.S. Patent No. 5,954,781 by Defendant Audi of America, Inc. ("Defendant" or "Audi"). On March 4, 2014, Audi filed a motion to amend the model Protective Order [40] for patent cases in Local Patent Rule Appendix B. The model Protective Order automatically went into effect when the parties exchanged initial disclosures per Local Patent Rule 1.4.

## LEGAL STANDARD

"[A] party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010). The risk of inadvertent disclosure rests on "the extent to which counsel is involved in 'competitive decisionmaking' with its client." *Id.* at 1378 (quoting *US. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed.Cir.1984)). The standard is not "regular contact with other corporate officials who make policy, or even competitive decisions, but advice and participation in competitive decisionmaking." (Internal quotations omitted.)

*In re Sibia Neurosciences, Inc.*, 132 F.3d 50 (Fed. Cir. 1997) (citing *Matsushita Elec. Indus. Co., Ltd. v. United States*, 929 F.2d 1577, 1580 (Fed.Cir.1991)).  The risk of disclosure must be balanced against the resulting harm to the party that opposes the restriction.  *AmTab Mfg. Corp. v. SICO Inc.*, Case No. 11-CV-2692, 2012 WL 195027, at *2 (N.D. Ill. Jan. 19, 2012).

## ANALYSIS

Audi argues that there is a significant risk of disclosure because Thomas C. Mavrakakis is Velocity's sole member and the named partner at the law firm representing Velocity in the investigation, Mavrakakis Law Group LLP.  Audi further argues that Velocity's attorneys are involved in Velocity's patent licensing and business decisionmaking.

Audi has not met its burden to show good cause for its proposed modification of the Protective Order.  Mavrakakis is the sole manager of Velocity, but he is not one of the prosecuting attorneys in the case.  James Shimota, one of the actual prosecuting attorneys, was involved in a related entity in the past but is not alleged to be a current member or manager of Velocity.  Audi has not shown that Mavrakakis is involved in patent prosecution or that Shimota is involved in competitive decisionmaking.

Audi points to a prior decision of this court that found litigation attorneys to be competitive decisionmakers when they were "deeply involved in a [patentee's] business decisionmaking in the area of intellectual property" and "involved in representing the client in multiple, related infringement cases."  *Interactive Coupon Mktg. Grp., Inc. v. H.O.T.! Coupons, LLC*, Case No. 98-CV-7408, 1999 WL 618969, at *3-4 (N.D. Ill. Aug. 9, 1999).  However, in that case, the law firm was likely to represent the patent holder "in the prosecution of numerous

related patents . . . in the context of a fluid, developing technology." *Id.* at *3. Here there is only one patent at issue; and this area is not a fluid, developing technology. And as previously stated, Audi has not shown that the litigation attorneys are involved in business decisionmaking.

## CONCLUSION

For the reasons discussed above, Audi's Motion to Amend Protective Order [40] is denied.

Date: January 21, 2015   /s/ *(signature)*
JOHN W. DARRAH
United States District Court Judge