UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-8418 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| AUDI OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Velocity Patent LLC filed an Amended Complaint against Audi of America, Inc.

("Audi"), alleging one count of infringement for several claims of U.S. Patent No. 5,954,781

("the '781 Patent"). Audi filed a Motion for Summary Judgment of Invalidity and

Noninfringement [159]. For the reasons set forth below, Audi's Motion for Summary Judgment

of Invalidity and Noninfringement [159] is denied.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts

as to which the party contends there is no genuine issue for trial." *Ammons v.*

*Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that

"[a]ll material facts set forth in the statement required of the moving party will be deemed to be

admitted unless controverted by the statement of the opposing party." *Id.* Local Rule

56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of

summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a

response to each numbered paragraph in the moving party's statement." *Schrott v.*

*Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *see also Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff owns the '781 Patent. (PSOF, ¶ 1.) Audi is a registered trade name of Volkswagen Group of America that imports and distributes "Audi" brand vehicles in the United States. (*Id. ¶* 2.) Plaintiff asserts that Audi has infringed Claims 1, 7, 13, 17-20, 28-30, 33, 34, 40-42, 46, 53, 56, 58-60, 64, 66, 69, 75, 76, and 88 of the '781 Patent by, *inter alia*, importing and selling certain Audi vehicles in the United States. (*Id.* ¶ 4.) All of the asserted claims require: "a fuel overinjection notification circuit . . . , said fuel overinjection notification circuit issuing a notification that excessive fuel is being supplied to said engine of said vehicle." (*Id.* ¶ 5.)

In its October 2, 2015 Infringement Contentions, Plaintiff identifies five features that allegedly meet the "fuel overinjection notification circuit" limitation: (1) the "Cylinder on Demand" system; (2) the "fuel economy messages"; (3) the fuel consumption display; (4) the "speed warning system"; and (5) the malfunction indicator light. (PSOF ¶ 30.) The "Cylinder on Demand" system "automatically turns four cylinders on or off, depending on the amount of power needed." (*Id.* ¶ 32.) If the driver has elected to display the current fuel consumption, the fuel consumption bar turns green when the engine has switched to 4-cylinder mode. (*Id.*) "Fuel economy messages" are displayed when fuel consumption is increased by certain conditions. (*Id.* ¶ 33.) Plaintiff points to an example that displays a message, reading "A/C switched on: close window." (*Id.*) The fuel consumption display shows the current fuel consumption in miles per gallon, which also includes the average fuel consumption stored in the short-term memory. (*Id.* ¶ 34.) The "speed warning system" warns a driver that they are exceeding a maximum speed set by the driver. (*Id.* ¶ 35.)

## LEGAL STANDARD

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To overcome a motion for summary judgment, "[t]he nonmoving party must point to specific facts showing that

there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

### *Invalidity*

Audi argues that the '781 Patent is invalid because it is indefinite, referencing the arguments in its claim construction response brief. Specifically, Audi alleges that the term "fuel overinjection notification circuit" is indefinite. A patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention." 35 U.S.C. § 112, ¶ 2. A lack of definiteness renders the patent or any claim in suit invalid. 35 U.S.C. § 282, ¶ 2(3).1. "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). The party challenging the patent's validity must show that the patent is indefinite by clear and convincing evidence. *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015). As discussed in the claim construction Memorandum Opinion and Order, the term "fuel overinjection notification circuit" is not indefinite.

### *Infringement*

"To prove literal infringement, a plaintiff must show that the accused device contains each and every limitation of the asserted claims." *Presidio Components, Inc. v.*

4

*Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1358 (Fed. Cir. 2012) (citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011)). In infringement cases, the court interprets the claims to determine their scope and meaning; then the fact-finder compares the properly construed claims to the allegedly infringing device. *Id.* (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998)). If any claim is missing from the accused device, there is no literal infringement as a matter of law. *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).

The term "fuel overinjection notification circuit" was construed as: "A circuit that notifies a driver that more fuel is being supplied to the engine than is necessary." The term "a notification" was construed as: "An act or instance of notifying, making known or giving notice to the operator of the vehicle." The term "processor subsystem" was construed to be governed by 35 U.S.C. § 112(f). The claim language states that the processor subsystem "determines" whether to activate a notification circuit. Because the claim does not provide sufficient structure for performing the functions recited in the claims, *i.e.* determining whether to activate the notification circuit, § 112(f) applies. An algorithm is required when a processor performs more than a general function. *See EON Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 623 (Fed. Cir. 2015) ("A microprocessor or general purpose computer lends sufficient structure only to basic functions of a microprocessor. All other computer-implemented functions require disclosure of an algorithm.").

Cylinder on Demand

Plaintiff alleges that the "Cylinder on Demand" ("COD") system infringes the '781 Patent. The "Cylinder on Demand" system "automatically turns four cylinders on or off, depending on the amount of power needed." (PSOF, ¶ 32.) If the driver has elected to display

5

the current fuel consumption, the fuel consumption bar turns green when the engine has switched to 4-cylinder mode.  (*Id.*)

Audi first argues that the color change of the fuel consumption bar displays information about continuous vehicle operation and is not a notification.  Plaintiff argues that the bar turning green notifies the driver that the vehicle is being operated in a more fuel-efficient mode; and when the bar is no longer green, that is a notification the vehicle is no longer being operated in a fuel-efficient mode.    Audi also argues that the COD system automatically changes the number of cylinders, and does not prompt driver action.  Plaintiff responds that the fuel consumption bar notifies a driver whether they are driving in eight-cylinder mode and four-cylinder mode, which encourages the driver to use the more fuel-efficient four-cylinder mode.  Whether the COD system issues notifications that inform the driver more fuel is being provided to the engine than necessary is a question of material fact.

<u>Fuel Economy Messages</u>

"Fuel economy messages" are displayed when fuel consumption is increased by certain conditions.  (PSOF, ¶ 33.)  Plaintiff points to an example that displays a message reading: "A/C switched on: close window."  (*Id.*)  Audi argues that the fuel economy message has nothing to do with the amount of fuel being supplied to the engine but with specific conditions, such as having the air conditioning on and a window open.  Audi also argues that the display of text is not a notification.[1]  Plaintiff argues that fuel economy messages are intended to prompt a driver to make changes and reduce fuel consumption.  Whether the fuel economy messages issue

---

[1] As noted above, the term "a notification" was construed as:  "An act or instance of notifying, making known or giving notice to the operator of the vehicle."  It is not limited to alerts.

notifications that inform the driver more fuel is being provided to the engine than necessary is a question of material fact.

Fuel Consumption Display

The fuel consumption display is a display that shows the current fuel consumption in miles per gallon and includes a display of the average consumption stored in the short-term memory. (PSOF, ¶ 34.) Audi argues that the fuel consumption display does not issue a notification but shows current and average miles-per-gallon values on a continuous basis. Plaintiff argues that the current fuel consumption, when compared against the average consumption, notifies a driver that they are operating above or below a desired level of fuel consumption, which can then be used to adjust driving behavior. Whether the fuel consumption display issues notifications that inform the driver more fuel is being provided to the engine than necessary is a question of material fact.

Speed Warning System

The "speed warning system" warns a driver that they are exceeding a maximum speed set by the driver. (PSOF, ¶ 35.) Audi argues that the speed warning system has nothing to do with the amount of fuel being supplied to the engine and that achieving a better fuel economy is not the purpose of the speed warning system. Plaintiff argues that a driver could use the speed warning system so that they are warned when they have exceeded a certain speed in order to improve their efficiency. Plaintiff also argues that it does not matter what the purpose of the speed warning system is or if it can be used for more than fuel efficiency notifications, as long as it meets all of the limitations of the patent. *See N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990) (infringement not avoided "if a claimed feature performs not only as shown in the patent, but also performs an additional function."). Whether the fuel consumption

7

display issues notifications that inform the driver more fuel is being provided to the engine than necessary is a question of material fact.

Malfunction Indicator Light

Plaintiff alleges that the malfunction indicator light also infringes the '781 patent by notifying drivers when fuel overinjection occurs. (PSOF, ¶ 36.) Plaintiff, in its infringement contentions, accused Audi's malfunction indicator light of infringing based on Audi's prior construction of the term "fuel overinjection notification circuit," which was "the fuel overinjection circuit provides a notification when a vehicle's fuel injection system is operating improperly." However, neither party now asserts that construction, so this issue is moot.

Doctrine of Equivalents

Plaintiff argues that if the Court decides that § 112(f) applies, the accused features may still infringe under the doctrine of equivalents. "Literal infringement of a § 112[(f)] claim requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1320 (Fed. Cir. 2003). Specifically, "an accused device may infringe under the doctrine of equivalents if each element performs substantially the same function, in substantially the same way, to achieve substantially the same result." *Id.* (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997)). The purpose of the doctrine of equivalents is to allow the patentee "to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes." *AquaTex Indus., Inc. v. Techniche Solutions*, 419 F.3d 1374, 1381 (Fed. Cir. 2005) (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733 (2002)).

8

Audi argues that it is too late for Plaintiff to amend their infringement contentions to include the doctrine of equivalents. The Local Patent Rules allow for amendment of final contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties." LPR 3.4. An example of a circumstance supporting a finding of good cause is: "a claim construction by the Court different from that proposed by the party seeking amendment." *Id.* A motion to amend final contentions because of a claim construction ruling shall be filed, along with the proposed amendments, within fourteen days of the entry of a claim construction ruling. *Id.* The Local Patent Rules do not preclude Plaintiff from filing a motion to amend their final contentions because § 112(f) applies, as argued by Audi.

Audi also argues that Plaintiff cannot assert the doctrine of equivalents due to amendments made during the original prosecution and the reexamination. "[A] narrowing amendment made to satisfy any requirement of the Patent Act may give rise to an estoppel." *Festo*, 535 U.S. at 736. A narrowing amendment may create a presumption that the patentee surrendered the territory between the original claims and the amended claims, when that narrowing amendment came in response to a rejection by the patent office. *Id.* at 727, 741. ("When the patentee responds to the rejection by narrowing his claims, this prosecution history estops him from later arguing that the subject matter covered by the original, broader claim was nothing more than an equivalent.") Neither side has presented facts showing that the "fuel overinjection notification circuit" limitation or the required algorithm for the processor subsystem was, or was not, added as a result of rejection in the prosecution history.

At this point, it is premature to determine whether the doctrine of equivalents is available to Plaintiff, as it has not moved to amend its infringement contentions.

**CONCLUSION**

For the reasons set forth above, Audi's Motion for Summary Judgment of Invalidity and Noninfringement [159] is denied.

Date:      September 21, 2016

JOHN W. DARRAH
United States District Court Judge